IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLER H., a Minor, and | ) | |
| LOJWANNA M., Individually and | ) | |
| as Guardian and Next Friend of KYLER H., | ) | Case No. 08 C 1125 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge St. Eve |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, DISTRICT 299 | ) | |
| | ) | Magistrate Judge Mason |
| Defendants. | ) | |

**DEFENDANT BOARD'S ANSWER TO COMPLAINT**

Defendant, Chicago Board of Education ("Board") by and through its attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel James J. Seaberry, answers plaintiff's complaint, stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action pursuant to 20 U.S.C. Sec. 1415(i)(3) for attorney's fees and costs incurred by Plaintiffs, KYLER H., and LOJWANNA M.; after a requesting due process hearing against Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299.  Plaintiffs are entitled to payment of attorney fees, which the defendant has failed to pay.

ANSWER:  Board admits that Plaintiff's action is brought under the statute alleged but denies any inference of validity of the alleged claims.  Board denies that

**Plaintiffs are entitled to fees as alleged or that Board has refused to pay those fees to which Plaintiff is actually entitled.**

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 105 ILCS Sec. 5/14-8.02 and 20 U.S.C. Sec. 1415(i)(3). Venue is properly located in this District.

**ANSWER: Board admits jurisdiction and venue as alleged, but denies any inference of validity of Plaintiffs' claims.**

## PARTIES

3. KYLER H. is a 9 year-old girl now in third grade. Her school district of residence is Chicago Public School District No. 299. Following a three day due process hearing, KYLER H. prevailed in that an Independent Hearing Officer issued an order which ordered that CPS place her at Acacia Academy, a private therapeutic day school in LaGrange, Illinois. The Hearing Officer also ordered compensatory education services and other relief. KYLER H. brings this action by and through her parent and next friend, LOJWANNA M.,

**ANSWER: Admit.**

4. LOJWANNA M., also brings this action on her own behalf as the prevailing party in the administrative process. She is KYLER M.'s mother, and she resides with KYLER in Chicago, Illinois and within the boundaries of Chicago Public School District No. 299.

**ANSWER: Admit.**

2

5. Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299 (Hereafter the Board, or CPS) is the Local Education Agency as defined in 20 U.S.C Sec. 1402(15) and, as such, is responsible for ensuring the provision of a free and appropriate education to all children residing in the district who, because of their disabilities, have special education needs.  On information and belief, the Board has been periodically apprised of and has made decisions concerning this matter.

**ANSWER:  Board admits its identity as a local education agency as alleged, but denies the remaining allegations of paragraph 5 as an incomplete and inaccurate statement of the law.**

## FACTUAL ALLEGATIONS

6.  Kyler was born with the umbilical cord wrapped around her neck; she had left sided weaknesses and developmental delays.  She received early childhood services until age 3 on the basis of developmental delay.

**ANSWER:  Board admits that Plaintiff has raised such allegations in previous proceedings but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations.**

7. Kyler was determined eligible for special education services 2002 and received Early Childhood Special Education Services (ECSE) from September, 2002 until the end of the 2004-5 school year.

**ANSWER:   Admit.**

8.  When Kyler was six years old, in May, 2005, CPS conducted an evaluation, which found that she had low average intelligence, and academic functioning consistent

3

with her cognitive abilities. As a result the IEP team terminated of eligibility for special education services.

**ANSWER:    Admit.**

9. For the 2005-6 school year, Kyler transferred to Warren Elementary School, where CPS staff placed her in a regular first grade classroom, causing her to skip kindergarten.

**ANSWER:    Admit.**

10. Kyler did not make academic progress during first grade; progress reports show that she received failing grades in reading, writing, math, science and social studies for most of that time.

**ANSWER:    Admit.**

11. During second grade, Kyler also experienced academic difficulties, receiving grades of F in reading, spelling, written comprehension, and science.

**ANSWER:    Admit.**

12. Kyler has had behavioral difficulties since a young age, which have worsened over time. During first grade Kyler was hospitalized at Hartgrove Hospital, a psychiatric facility for children and adolescents, for five weeks, beginning in April, 2006.

**ANSWER:    Admit.**

13. Kyler's mother requested that CPS evaluate her for a possible learning disability and emotional disorder in May, 2006, April, 2007 and again in May, 2007. After each request, CPS refused to evaluate Kyler.

4

**ANSWER:   Board admits that Plaintiff asked for certain evaluations as alleged, but denies the remaining allegations of paragraph 13.**

14. LOJWANNA M. retained Mauk & O'Connor, LLP and Michael A. O'Connor to represent them, and on their behalf he requested a due process hearing on June 20, 2007 to redress violations of the Individuals with Disability Act (IDEA) 20 U.S.C. ¶1401 *et seq*.

**ANSWER:   Board admits that Plaintiff made such a retention as alleged, but denies the necessity, reasonableness, or legal authorization for any alleged actions in paragraph 14.**

15. In response to the pending due process hearing, CPS scheduled a special evaluation on July 30, 2007. Kyler was assessed by CPS staff, including an Occupational Therapist, School Social Worker, Speech Language Pathologist and School Psychologist. The evaluations were carried over to August 2, 2007.

**ANSWER:   Board admits that an evaluation was scheduled and assessed as alleged, but denies that it was in response to any act by Plaintiffs.**

16. An IEP team also convened on July 30, 2007 and again on August 2, 2007. The IEP team determined that Kyler was eligible for special education services, and the IEP team prepared an IEP for Kyler.

**ANSWER:   Admit.**

17. Kyler's mother objected to the adequacy of the evaluations and to the adequacy of services provided in the IEP of August 2, 2007. Plaintiffs' counsel prepared an amended due process complaint reflecting her concerns.

5

**ANSWER: Board admits that Plaintiff objected as stated. Board admits that a complaint was prepared as alleged but denies any inference of validity of those complaints or of any legal justification or authorization for involvement by Plaintiff's counsel.**

18. A due process hearing ensued, beginning on October 24, 2007, and continuing on October 25th and October 26th, before an independent hearing officer (IHO) appointed by the Illinois State Board of Education. Following the hearing the IHO issued a decision and order on November 16, 2007 (a copy of the decision is attached hereto as Exhibit A).

ANSWER:   Admit.

19. The IHO found that CPS denied Kyler a free and appropriate public education from June 20, 2005 until November, 2007, based on procedural violations, failure to evaluate Kyler in a timely manner, and inadequacies in the special evaluation conducted in the summer of 2007, and inadequacies in the Individual Education Plan (IEP) for the 2007-8 school year.

**ANSWER:   Admit that such a finding was made but Board denies any allegation of validity of said findings.**

20. The IHO ordered that CPS:

    a. Provide Kyler with a private therapeutic day school placement at public expense at Acacia or a similar school;

    b. Provide independent educational evaluations at public expense, including but not limited to psychological assessments of cognitive

       and academic skills, occupational therapy assessments, and assistive technology assessment, as well as reassessing the nature and extent of student's learning disabilities;

   c. Reimburse the cost of the independent speech language evaluation;

   d. Provide compensatory education services for loss of FAPE during the past two years, including

       i. Additional social work and/or psychological counseling services of 30 mpw (minutes per week) for two years;

       ii. Tutoring by a certified special education teacher at a site selected by the parents for two hours per week for two years;

   e. Convene an IEP meeting and draft an IEP that will consider the full nature and extent of student's disabilities to provide a program of education and related services.

**ANSWER:** **Admit that such an order was entered but Board denies any inference of validity of any factual allegations underlying said order.**

21. Kyler began attending Acacia Academy, at CPS expense, in December, 2007.

**ANSWER:** **Admit.**

22. An independent neuropsychological evaluation at CPS expense has been scheduled with Dr. Lisa Stanford, Ph.D. at the University of Illinois Medical Center for March 27, 2008. An IEP meeting will be scheduled sometime after that date to consider the report produced by that evaluation.

**ANSWER:** **Admit.**

23. On January 3, 2008, Kyler, and her guardian, Lojawanna M. through their attorney, submitted an interim claim for attorney fees to Defendant CPS (attached hereto as exhibit B). The total amount claimed for representation in the due process hearing through that date is $42,242.28.

**ANSWER:   Admit that Plaintiffs submitted a fee petition as alleged, but Board denies that said fees claimed are authorized by law, reasonable or necessary.**

24. Plaintiffs have incurred, and will incur, additional attorney fees for monitoring compliance with the IHO decision and for attendance at the IEP meeting that will be convened in accordance with the IHO's order.

**ANSWER:   Denied.**

25. Defendants have failed to pay Plaintiffs the amount fees reasonably incurred in the due process proceeding.

**ANSWER:   Denied.**

## LEGAL ALLEGATIONS

Plaintiffs' are the prevailing parties in the respective administrative proceedings against CPS pursuant to 20 U.S.C. Sec. 1415(i)(3)(B).

26. Plaintiffs are entitled to reasonable attorney's fees as part of the costs as the prevailing party pursuant to 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:   Board denies paragraph 26 as an incomplete and inaccurate statement of the law.**

27. Plaintiffs' attorney's fees are consistent with the rates prevailing for the kind of quality of services furnished, as required by 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:** Denied.

28. There are no special circumstances which would render the award of Plaintiffs' full request unjust, nor are the fees requested excessive.

**ANSWER:** Denied.

WHEREFORE, Defendant Board respectfully prays that this court dismiss Plaintiffs' complaint, and for such further relief as this court deems just.

        Respectfully submitted,

        Patrick J. Rocks
        General Counsel

By:   s/James J. Seaberry
        James J. Seaberry
        Attorney for Defendant Board
        Assistant General Counsel
        Board of Education of the
        City of Chicago-Law Department
        125 South Clark Street, Suite 700
        Chicago, Illinois 60603
        (773) 553-1700