IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kyler H., a Minor, and | ) | |
| LOJWANNA M., Individually and | ) | 08 C 1125 |
| as Guardian and Next Friend of | ) | |
| Kyler H., | ) | |
| | ) | Judge Amy St. Eve |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, DISTRICT 299 | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BOARD'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Board of Education of the City of Chicago ("Board"), by its attorneys, hereby submits its memorandum of law in support of its motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, and states as follows:

**INTRODUCTION**

Kyler H. and his parent Lojwanna M. ("Plaintiffs") filed a complaint seeking attorneys' fees and costs incurred as a result of the due process hearing brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.* *See* Board of Education of the City of Chicago's Rule 56.1(a)(3) Statement of Undisputed Material Facts ("Def. SOF") at 17. Pursuant to §1415(i)(3)(D)(ii) of the IDEA, Plaintiffs are statutorily barred from receiving attorneys' fees for individualized education plan ("IEP") meetings held on July 30, 2007 and August 2, 2007, as these IEP meetings were conducted prior to the Due Process hearing and thus

were not held pursuant to an administrative proceeding or judicial action. Moreover, there is nothing in the record to suggest that these meetings were conducted for mediation purposes. Subsequently, Plaintiffs' request for attorneys' fees for the July 20, 2007 and August 2, 2007 IEP meetings, as well as their request for fees for hours billed in relation to these IEP meetings, are not permitted under the IDEA and should be denied.

## STATEMENT OF FACTS

The mother of Kyler H. requested an impartial due process hearing pursuant to the IDEA to address her concerns that Defendant failed to provide a free and appropriate public education ("FAPE") for her daughter Kyler H. during the period from July, 2002 until 2007. *See* Def. SOF at 1-7. On July 30, 2007, a special evaluation was scheduled for Kyler which included assessments by an Occupational Therapist, School Social Worker, Speech Language Pathologist and School Psychologist. These evaluations were carried over to August 2, 2007. On July 30, 2007, and August 2, 2007, the parties conducted an IEP meeting to consider the findings of the special evaluation and the IEP team prepared an IEP for Kyler. Kyler's mother objected to the results of the special evaluations and to the services provided in the August 2, 2007 IEP. Subsequently, plaintiffs' counsel prepared an amended due process complaint. (*See* Def. Statement of Facts at 9-10)

On October 24th, 25th, and 26th, 2007, a due process hearing was held before an independent hearing officer (IHO) appointed by the Illinois State Board of Education. Plaintiffs sought the following relief:

1. Private therapeutic day school placement at public expense;

2. Independent educational evaluations ("IEEs") at public expense in areas of identified need, including psychological assessments of cognitive and academic skills, occupational therapy assessments and speech language assessments.

3. Related services in sufficient intensity to allow student access to educational opportunity;

4. Compensatory education services including:

   a. Social work and/or psychological counseling services of 30 minutes per week for two years;

   b. Tutoring by a certified special education teacher for two hours per week for two years; and

   c. Such additional services as may be recommended by any ordered IEEs;

5. An IEP meeting that would consider the results of evaluations and implement relief. (*See* Def. Statement of Facts at 11-13)

On November 16, 2007, the Hearing Officer denied Plaintiff's requests for assistive technology software and equipment for at least 30 minutes per week, for direct speech language services for at least 60 minutes per week, and for social work services and/or psychological counseling of 60 minutes per week or more. The Hearing Officer ordered Defendant to pay for placement at a private therapeutic school, independent educational evaluations, social work and/or psychological counseling services of 30 minutes per week for two years, tutoring for two hours per week for two years, and for reimbursement of the independent speech language evaluation obtained by the parent. The hearing officer also ordered Defendant to convene an IEP meeting and draft an IEP based on Kyler's disabilities and needs. (*See* Def. Statement of Facts at 13)

Plaintiffs' counsel filed a fee petition claiming $42,242.28 in attorneys' fees and costs. Plaintiff's attorney charged a rate of $325.00 per hour. His paralegal charged a rate of $95.00 per hour.

## LEGAL STANDARD

Summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). Although the moving party has the initial burden of demonstrating the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT

**A. Plaintiffs' request for attorneys' fees for the July 30, 2007 and August 2, 2007 IEP meetings is not permitted under the IDEA.**

Under the IDEA, "[a]ttorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e)." 20 U.S.C. §1415(i)(3)(D)(ii). In this case, Plaintiffs' counsel claims

4

6.00 hours for travel and attendance for an IEP meeting on July 30, 2007 and 8.25 hours for travel and attendance for an IEP meeting on August 2, 2007, specifically:

| Date | Description | Hours |
|---|---|---|
| 7/30/07 | MO'C TRAVEL TO AMES SCHOOL FROM OFFICE | 0.50 |
| 7/30/07 | MO'C ATTEND IEP MEETING WITH SUMMER ASSESSMENT TEAM AT AMES SCHOOL | 4.50 |
| 7/30/07 | MO'C TRAVEL TO AMES SCHOOL TO OFFICE | 0.50 |
| 8/2/07 | MO'C TRAVEL TO AMES SCHOOL FROM OFFICE | 0.50 |
| 8/2/07 | MO'C CONFERENCE W/PARENT RE EVALUATION REPORTS TO DATE, AND IEP DEVELOPMENTS FROM 7/30/07; REVIEW OPTIONS FOR COMPLETION OF THE IEP AND IMPACT ON DUE PROCESS HEARING | 1.75 |
| 8/2/07 | MO'C ATTEND IEP MEETING WITH SUMMER ASSESSMENT TEAM AND PARENT AT AMES SCHOOL | 5.50 |
| 8/2/07 | MO'C TRAVEL FROM AMES SCHOOL TO OFFICE | 0.50 |
| 8/5/07 | REVIEW IEP PREPARED BY SUMMER ASSESSMENT TEAM; REVIEW EVALUATION REPORTS | |

Additionally, Plaintiffs' counsel claims 7.25 hours on August 5, 2005 for the review of the IEP prepared as a result of the July 30, 2007 and August 2, 2007 IEP meetings and for the drafting of the parent's dissent to this IEP, specifically:

| Date | Description | Hours |
|---|---|---|
| 8/5/07 | MO'C REVIEW IEP PREPARED BY SUMMER ASSESSMENT TEAM; REVIEW EVALUATION REPORTS | 2.75 |
| 8/5/07 | MO'C PHONE CALL TO PARENT TO DISCUSS PREPARATION OF PARENT DISSENT TO IEP; ALSO REVIEW OPTIONS FOR OBTAINING ADDITIONAL IEE'S OR EXPERT TESTIMONY | 0.75 |

5

| | | |
|---|---|---|
| 8/5/07 | MO'C DRAFT PARENT DISSENT TO IEP | 3.75 |

The July 30, 2007 and August 2, 2007 IEP meetings were not the result of an order by the hearing officer, as the meeting took place prior to the due process hearing on August 24th, 25th, and 26th, 2007.  The Defendant scheduled these IEP meetings on its own accord, and with the consent of the parties, as a result of the Plaintiffs' request for a due process hearing.  The mere fact that these IEP meetings were convened in response to Plaintiffs' request for a due process hearing is insufficient to establish that these IEP meetings were convened as a result of an "administrative hearing or judicial action."

In *M.V. v. Gordon*, 1999 WL 417394 (N.D. Ill June 15, 1999), this Court dismissed the Plaintiffs' claim for attorneys' fees relating to IEP meetings on the ground that such fees were expressly barred by §1415(i)(3)(D)(ii) of the IDEA.  There, Plaintiff M.V. was a 13-year-old boy who had been diagnosed with Attention Deficit Hyperactivity Disorder. *Id.* at *1.

On November 17, 2007, after M.V. was suspended with the threat of expulsion for misbehavior, counsel for Mr. and Mrs. V submitted a request for an impartial due process hearing.  *Id.* at *1.  As a result of their request for a due process hearing, the District convened two IEP meetings on January 20, 1998 and again on May 20, 1998, which were attended by Mr. and Mrs. V and their attorney. *Id.* at *1.  Subsequently, the parties agreed that M.V. continued to be eligible for special education due to his ADHD, and Mr. and Mrs. V formally withdrew their request for a due process hearing. *Id.* at *1 However, Mr. and Mrs. V filed an action to recover attorneys' fees relating to the

January 20, 1998 and May 20, 1998 IEP meetings. *Id.* at *1. Defendants moved to dismiss the action on the grounds that the IDEA explicitly precludes the reimbursement of attorneys' fees for IEP meetings unless such meetings are convened as a result of an administrative proceeding or judicial action. *Id.* at * 2-3. The court found that the language of §1415(i)(3)(D)(ii) is "clear and unambiguous" and subsequently that "[t]here is little room to debate the language of that statutory provision . . . ." *Id.* at *2. Furthermore, the court noted that the legislative history of the 1997 IDEA amendments indicate that Congress enacted this provision of the IDEA in an effort to encourage parents and educators to work out their differences using nonadversarial means. *Id.* at *2. The court held that a request for a due process hearing alone does not entitle a Plaintiff to attorneys fees for IEP meetings conducted in response to such a request. *Id.* at *3. Because the Plaintiffs failed to establish that the District convened the IEP meetings as the result of an administrative proceeding, the Court barred their claim for attorneys' fees. *Id.* at * 2-3.

Similarly, in *Brandon K. v. New Lennox School District*, 2001 WL 34049887 (N.D. Ill. December 3, 2001), this Court denied the Plaintiff's request for reimbursement of attorneys' fees associated with IEP meetings which were convened by official and formal consent. There, on November 6, 2000, the plaintiffs requested a due process hearing under the IDEA in order to obtain specialized instruction for their son, Brandon K. *Id.* at *1. On the morning of the hearing, the District made an offer of settlement. *Id.* at *1. After negotiation, a settlement between the parties was reached which included an acceptable educational program for Brandon K. as well as his sister, Brittany K. *Id.* at

7

*1. On February 19, 2000, Agreed Orders regarding Brandon and Brittany K. were entered. *Id.* at *1. Pursuant to the Agreed Order, two IEP meetings were held on April 3, 2001 and June 14, 2001 which were attended by the Plaintiffs' attorney. *Id.* at *1. Subsequently, the plaintiffs filed a demand for payment of their attorneys' fees, which included fees associated with the April 3, 2001 and June 14, 2001 IEP meetings. *Id.* at *1. The court found that "[t]here is little room to debate" the statutory language of the IDEA limiting the recovery of such fees to IEP meetings "convened as a result of an administrative proceeding or judicial action." *Id.* at *3. Subsequently, this Court looked at the context of the April 3, 2001 and June 14, 2001 IEP meetings and found that they were not convened as a result of any administrative proceeding or judicial action, but rather "by official and formal consent." *Id.* at *3. Thus, this Court held that the plaintiff was barred from recovering fees associated with these IEP meetings. *Id.* at *3.

Here, like in *M.V. v. Gordon* and *Brandon K. v. New Lenox School District*, the plaintiffs' claim for attorneys fees related to the July 30, 2007 and August 2, 2007 IEP meetings should be barred. *M.V.*, 1999 WL 417394, at *1-3; *Brandon K.*, 2001 WL 34049887, at *1-3. In *M.V.* and *Brandon K.*, the Plaintiffs requested reimbursement of attorneys' fees for two IEP meetings convened after the Plaintiffs requested a due process hearing, but prior to a due process meeting itself. *M.V.*, 1999 WL 417394, at *1; *Brandon K.*, 2001 WL 34049887, at *1. Similarly, here, the Plaintiffs seek attorneys fees for travel to and attendance at IEP meetings that were convened voluntarily by the Defendants after the Plaintiffs' request for a due process hearing, but prior to the hearing itself. The Plaintiffs argue that because these IEP meetings were held in

8

response to their request for a due process hearing, that they were "convened as a result of an administrative hearing." However, this is the very same argument that the court rejected in *M.V.* and *Brandon K.*. *M.V.*, 1999 WL 417394, at *3; *Brandon K.*, 2001 WL 34049887, at *3. The language of §1415(i)(3)(D)(ii) is clear and unambiguous, and there is no evidence that the July 30 and August 2 IEP meetings in this case were convened as a result of an administrative hearing. A request for a due process hearing, in and of itself, does not trigger a right to attorneys' fees for IEP meeting attendance nor IEP-related activities. *M.V.*, 1999 WL 417394, at *3. Furthermore, as the Court clearly stated in *Brandon K.*, IEP meetings convened voluntarily at the consent of the parties, like the July 30, 2007 and August 2, 2007 IEP meetings here, cannot be regarded as being held pursuant to "an administrative proceeding or judicial action." *Brandon K.*, 2001 WL 34049887, at *3.

### B. Legislative History Also Precludes Awarding Plaintiff Fees

While it is unnecessary to look beyond the plain meaning of a statute where the language is clear and unambiguous, the legislative history of the 1997 and 2002 IDEA amendments also indicate that Congress intended to discourage attorney participation in routine IEP meetings. Congress recognized that the presence of attorneys at routine IEP meetings may contribute to an adversarial atmosphere that might inhibit the parties from working together to develop an agreeable plan. *M.V.*, 1999 WL 417394, at *2. In his statement to Congress regarding the 1997 amendment limiting attorneys' fees for IEP meetings to those held pursuant to an administrative hearing or judicial action,

Congressman Bill Goodling, the then-chairman of the House Committee on Education and the Workforce, stated:

> [t]his change will encourage parents and schools to work out differences in a less adversarial manner. This bill will also eliminate attorney's fees for participating in IEP meetings, unless they have been ordered to by a court or hearing officer. The purpose of this change is to return IEP meetings to their original purpose, discussing the child's needs.

142 Cong Rec H 6051. Clearly, Congress intended to discourage attorneys' involvement in routine IEP meetings by preventing the collection of fees for their attendance and indicated this intention by the clear and unambiguous language of the statute.

Moreover, these IEP meetings were not held for the purpose of mediation as defined by subsection (e) of the IDEA. 20 U.S.C. §1415(e). To meet the procedural requirements of "mediation" under the IDEA, the process must be "conducted by a qualified and impartial mediator who is trained in effective mediation techniques." *Id.* at §1415(e)(2)(A)(iii). There was no such mediator at the July 30, 2007 and August 2, 2007 IEP meetings. Accordingly, these meetings were not held for the purpose of mediation as defined by the IDEA.

The June 30, 2007 and August 2, 2007 IEP meetings were not convened as a result of an administrative hearing or judicial order, nor were they held for the purpose of mediation. These meetings were convened by the Defendant on its own accord in a proactive attempt to avoid the need for administrative proceedings and the unnecessary involvement of attorneys. Because Plaintiffs' counsel's fees for traveling and attending the meeting, as well as hours billed in relation to these IEP meetings, are clearly

10

prohibited by the clear language of the IDEA and Plaintiffs' award should be reduced by $6,987.50.

## CONCLUSION

WHEREFORE, Defendant Board of Education of the City of Chicago, respectfully requests that this court deny Plaintiffs' request for attorneys fees for travel to and attendance at the June 30, 2007 and July 2, 2007 IEP meetings, as well as hours billed pursuant to these meetings, and reduce the Plaintiffs' attorneys' fee request by $6,987.50.

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

s/ James Seaberry
Board of Education of the City of
Chicago - Law Department
125 South Clark, 7th Floor
Chicago, IL 60603
(773) 553-1700