IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KYLER H.,** a Minor, and ) <br> **LOJWANNA M.,** Individually and ) <br> as Guardian and Next Friend of **KYLER H.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **BOARD OF EDUCATION OF THE** ) <br> **CITY OF CHICAGO, DISTRICT 299** ) <br> ) <br> Defendant ) | 08 C 1125 <br><br> Judge Amy St. Eve |

## AFFIDAVIT

I, Michael A O'Connor, under penalties of perjury state as follows:

1) The instant case is a suit to recover attorney's fees for Plaintiff Lojwanna M., who prevailed in obtaining significant relief in a special education impartial due process hearing against Chicago Public Schools District No. 299 Board of Education. Lojwanna M. retained me to represent her and her daughter, Kyler H. in June, 2007. This affidavit is offered in support of Plaintiffs' claims for attorney fees.

Legal Experience

2) I was admitted to practice in Illinois in October, 1970, and in New York in 1971. I worked in federally funded legal services programs in New York and Illinois from 1970 until 1990. Upon leaving the legal services community, I founded the Center for Law and Human Services, a non-profit organization based in Chicago and devoted to improving the lives of lower income families through legal research, policy analysis and advocacy. I served as the Executive Director of the Center for 8 years, from 1990 until 1998, at which time the organization employed 30 individuals and relied on over 200 volunteers. Since leaving the Center (now renamed the Center for Economic Progress), my work has involved the practice of law in the

Exhibit D-1

area of special education, and also consulting for public and private human service programs.  In July, 2005 I was a founding partner in the firm of Mauk & O'Connor, LLP, a two attorney firm devoted to representation of parents in special education disputes with local school districts; I continue to work full time at this firm.

    3)  I have been lead attorney in more than 30 class action and appellate cases, and I have been employed in the capacity of supervising attorneys conducting federal and state court litigation.  While at the Center, I established and managed a Children's SSI Advocacy Project which secured SSI benefits for more than 1,000 disabled foster children. I have served as Treasurer (from January, 2002 through March, 2006) and board member (from January, 2002 through March, 2008) of the Council of Parent Attorneys and Advocates, Inc. (COPAA). COPAA is a national organization of attorneys and advocates representing parents in special education disputes with local school districts.  I have delivered workshops and seminars on special education related topics at numerous national conferences, including COPAA, the International Dyslexia Association and the National Foster Parent Association.  I prepared a guide on special education advocacy for foster and adoptive parents for the Annie E. Casey Foundation; see, http://www.casey.org/NR/rdonlyres/E7738CD8-828A-400B-AE22-68A84DD256A2/130/casey_special_education_advocacy.pdf.  I have also prepared a guide to tax benefits for families with a learning disabled child which is published by Great Schools, Inc. (http://www.greatschools.net/cgi-bin/showarticle/1187#teach) , which  is updated annually.

    4) My hourly rate for repepresentation in due process hearing matters was $325.00 per hour when Plaintiffs retained me in June, 2007.  My hourly rate was increased to $350.00 for new matters accepted after 7/1/07, and my hourly rate of $350.00 was extended to pending matters on January 1, 2008.  Upon information and belief, the hourly rates requested herein are reasonable and consistent with the community standard in Chicago, to wit:

| | |
|---|---|
| Partner (20+ years exp.) | $295-350 per hour |
| Attorney (2-5 yrs exp.) | $170-225 per hour |
| Legal Assistant | $85-105 per hour |

The hourly rates cited above are the rates charged to special education clients in similar types of cases that are handled by attorneys with similar experience.

5) I prepared a petition for attorney fees incurred in representing Plaintiffs in the due process hearing through December 31, 2007, and submitted that petition to Defendant on January 3, 2008 (see attachment B). Because of additional legal services provided in connection with the hearing officer's decision, I prepared a supplemental fee petition on May 16, 2008. The supplemental fee petition includes time for attendance at an IEP meeting held on May 14, 2008 at Acacia Academy; the IEP meeting was convened to consider independent educational evaluations ordered by the hearing officer. I have reviewed the time logs submitted and believe both the firm's hourly rates and the time spent to be reasonable and appropriate given the complexity of the administrative proceedings, which involved three days of hearing, contested written motions, testimony from five expert witnesses, and extended activities over more than six months post-hearing to ensure compliance with the Hearing Officer's decision.

6) The time billed for Peter J. Godina a Mauk & O'Connor LLP legal assistant was for work on this case that was conducted under my direct supervision. His work prior to the hearing in organizing documents and preparing hearing parent exhibits were essential, and allowed billing at a substantially lower rate for time that otherwise would have been expended by an attorney. Mr. Godina has five years experience as a legal assistant, including 1 ½ years with Mauk & O'Connor, LLP, and he has a master's degree from DePaul University.

7) Over the past three years, I have litigated the following attorney fee claims under IDEA against the Chicago Public Schools:

- *Benito M. v. Board of Educ.,* 07 C 5950 (N.D. Ill. 2/28/08, Judge Conlon) marked Exhibit A attached to Plaintiffs' Memorandum of Law;

- *Eric A. v. Board of Educ.,* 06 C 0302 (N.D. Ill. 3/2/07, Judge Nordberg) marked Exhibit B attached to Plaintiffs' Memorandum of Law;

Exhibit D-3

- *Jason A. v. Board of Educ.*, 06 C 0142 (N.D. Ill. 6/1/06, Judge St. Eve) marked Exhibit C attached to Plaintiffs' Memorandum of Law;

- *Jessica P. v. Board of Educ.*, 06 C 0002 (N.D. Ill. 4/13/06, Judge Shadur) marked Exhibit D attached to Plaintiffs' Memorandum of Law;

- *Jessica P. v. Board of Educ.*, 05 C 0005, (N.D. Ill 11/30/05, Judge Manning) marked Exhibit E attached to Plaintiffs' Memorandum of Law.

May 16, 2008

/S/ Michael A. O'Connor
Michael A O'Connor

Exhibit D-4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLER H., a Minor, and<br>LOJWANNA M., Individually and<br>as Guardian and Next Friend of KYLER H.,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF THE<br>CITY OF CHICAGO, DISTRICT 299<br><br>Defendant | 08 C 1125<br><br>Judge Amy St. Eve |

### AFFIDAVIT OF MATTHEW D. COHEN

Matthew D. Cohen, being duly sworn, deposes and says:

1. I have been licensed to practice law in Illinois since 1981. I am currently a partner in the law firm of Monahan & Cohen, with offices at 55 W. Monroe St., Suite 3700, Chicago, Il. 60603.

2. A substantial portion of my practice involves representing parents in disputes with local school districts concerning special education services. I have been practicing in the field of special education law since 1981 and have had numerous special education cases in state and federal court. My standard fee for representation of parents is currently $350 per hour. The hourly rate for associate attorneys is $175-275 per hour, the hourly rate for law graduates is $150 per hour, and the rate charged for an experienced paralegal is $130 per hour.

3. I have been informed that this case concerns a disputed claim for attorney fees for a prevailing parent who retained Michael A. O'Connor to represent her, and that local school

district objections concern the reasonableness of fees claimed, including the hourly rate, and the amount of time expended. I have also been informed that Mr. O'Connor has been admitted to practice in Illinois since October, 1970, that he has more than 12 years experience in federal civil rights litigation, and that he has been employed in the capacity of supervising other attorneys engaged in litigation.

4. I have reviewed the fee statement submitted by Mr. O'Connor in this matter. I have also reviewed the due process decision issued by Hearing Officer Linda Mastandrea. Based on my knowledge of prevailing rates for special education attorneys practicing in the Northern District of Illinois, it is my considered opinion that the rate charged for his time during 2007, $325 per hour, and the rate charged for his legal assistant Peter Godina, $85 per hour, are reasonable and within the range of hourly fees charged by special education practitioners with similar experience. Moreover, it is my opinion that the time expended in litigating this case, 121.95 hours time for Michael O'Connor, 18.0 hours time for Peter Godina, as a legal assistant, is reasonable for a highly contested hearing that extended over three days, involved multiple expert witnesses which also required extended work on compliance with the hearing officer's decision.

_____
Matthew D. Cohen

Subscribed and Sworn to Before Me
This 7th day of ~~March~~ April, 2008

_____
Notary Public

OFFICIAL SEAL
TAMARA KUIPERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/12

2
Exhibit E-2

In The United States District Court

Northern District of Illinois

Eastern Division

| | | |
|---|---|---|
| Kyler H., a Minor, Lojwanna M. | ) | |
| Individually and as Guardian and Next | ) | 08 C 1125 |
| Of Kyler H. | ) | Judge Amy St. Eve |
| Plaintiffs | ) | |
| v. | ) | |
| Board of Education of the City of Chicago, District 299 | ) | |
| Defendant | | |

**Affidavit of Mary E. Moran**

Mary E. Moran being duly sworn, deposes and says:

1. I have been licensed to practice law in Illinois since 1994. I currently practice at the Child and Family Law Center of the North Shore, Ltd. 1950 Sheridan Road Suite 106, Highland Park, Illinois 60035.

2. A substantial portion of my practice involves representing parents in disputes with local school districts concerning special education services. My standard fee for representation of parents is currently $350.00 per hour. The hourly rate for associate

Exhibit F-1

attorneys is also $250.00 per hour, and the rate charged for an experienced legal assistant is $150.00 per hour.

3. I have been informed that this case concerns a disputed claim for attorney fees for a parent who retained Michael A. O'Connor to represent her, and that the local school district objections concern reasonableness of fees claimed, including hourly rate, and the amount of time billed. I have also been informed that Mr.O'Connor has been admitted to practice in Illinois since October 1970, that he has more than 12 years experience in federal rights litigation, and that he has been employed in the capacity of supervising the other attorneys engaged in litigation.

4. I have reviewed the fee statement submitted by Mr. O'Connor as well as the due process hearing decision issued by Linda Mastandrea. It is my considered opinion that the rate charged for his time , $325.000 per hour, and the rate charged for a legal assistant at $85.00 per hour are reasonable and within the range of hourly charged in the Chicago area by attorneys with similar experience. Morever, it is my opinion that the time expended in litigating this case, 121.95 hours time for O'Connor, and 18.0 hours time for Peter Godina, is reasonable for a highly contested hearing that extended work on compliance with the hearing officer's decision.

_Mary E. Moran_  Mary E. Moran

Subscribed and Sworn to Before Me

This 21rst day of April 2008.

Notary Public

"OFFICIAL SEAL"
MICHAEL A. O'CONNOR
Notary Public, State of Illinois
Commission Expires 3-06-2010

Exhibit F-2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLER H., a Minor, and<br>LOJWANNA M., Individually and<br>as Guardian and Next Friend of KYLER H.,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF THE<br>CITY OF CHICAGO, DISTRICT 299<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 C 1125<br><br><br>Judge Amy St. Eve |

## AFFIDAVIT OF CHARLES P. FOX

Charles P. Fox,, being duly sworn, deposes and says:

1. I have been licensed to practice law in Illinois since 1986. I currently maintain a solo law practice with offices at 20 North Clark St., Suite 1725, Chicago, IL 60602.

2. A substantial portion of my practice involves representing parents in disputes with local school districts concerning special education services. I have been practicing in the field of special education law since 1995 and have had numerous special education cases in state and federal court. My standard fee for representation of parents is currently $275.00 per hour. The rate charged for an experienced legal assistant is $100.00 per hour.

3. I have been informed that this case concerns a disputed claim for attorney fees for a prevailing parent who retained Michael A. O'Connor to represent her, and that local school district objections concern the reasonableness of fees claimed, including the hourly rate, and the amount of time expended. I have also been informed that Mr. O'Connor has been admitted to

Exhibit G-1

practice in Illinois since October, 1970, that he has more than 22 years experience in federal civil rights litigation, and that he has been employed in the capacity of supervising other attorneys engaged in litigation. Mr. O'Connor is a respected member of the small community of attorneys who represent parents in special education disputes.

4. I have reviewed the fee statement submitted by Mr. O'Connor. I have also reviewed the due process decision issued by Hearing Officer Linda Mastandrea. Based on my knowledge of prevailing rates for special education attorneys practicing in the Northern District of Illinois, it is my considered opinion that the rate charged for his time during 2007, $325 per hour, and the rate charged for his legal assistant Peter J. Godina, $85 per hour, are reasonable and within the range of hourly fees charged by special education practitioners with similar experience and reputation. Moreover, it is my opinion that the time expended in litigating this case, 121.95 hours time for Michael O'Connor, , and 18.0 hours time for Peter Godina, as a legal assistant, is reasonable for a highly contested hearing that extended over three days, involved multiple expert witnesses which also required extended work on compliance with the hearing officer's decision.

_____
Charles P. Fox

Subscribed and Sworn to Before Me
This ___ day of April, 2008

_____
Notary Public

"OFFICIAL SEAL"
MICHAEL A. O'CONNOR
Notary Public, State of Illinois
My Commission Expires 3-06-2010

2

Exhibit G-2

# CPS

**CHICAGO PUBLIC SCHOOLS**

Due Process and Mediation • Office of Specialized Services
125 South Clark Street • Chicago, Illinois 60603 • Telephone 773/553-1905 • FAX 773/553-1906

Luis A. Rodriguez, Esq.
Director

July 11, 2007                                             via Facsimile and Regular Mail

Mr. Michael O'Connor
Mauk & O'Connor, LLP
1427 West Howard St.
Chicago, IL 60626

       Re:   Kyler Holman

Dear Mr. O'Connor,

I am writing to propose a potential resolution of the due process hearing request your office represents on behalf of Kyler Holman. The Chicago Public Schools remains interested in resolving Kyler's due process case short of a due process hearing. In an effort to resolve this matter, the District is interested in assessing Kyler in the areas of Health, Vision, Hearing, Social/Emotional Status, General Intelligence, Academic Performance, Communication Status and motor abilities if needed. The District hopes that completion of these evaluations during this summer and convening an IEP meeting to consider Kyler's eligibility in the areas assessed could resolve some or all of your client's issues enumerated in your due process request. Further, the District requests that we postpone a resolution or mediation session until after the IEP is held.

Please review this offer at your earliest convenience and contact me if your client is interested in completing these assessments and convening an eligibility conference. If you have any questions, I may be reached at (773) 553-1911.

Sincerely,

*Tracy J. Hamm*

Tracy J. Hamm, Esq.
Due Process & Mediation

Cc:   Luis A. Rodriguez, Director

Exhibit H

*Children First*