**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and | ) | |
| **LOJWANNA M.,** Individually and | ) | |
| as Guardian and Next Friend of **KYLER H.,** | ) | |
| | ) | 08 C 1125 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| **BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO, DISTRICT 299** | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

This case raises a claim under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Sec 1415 (i)(3) for attorney fees incurred in the due process hearing below.   Defendant has denied plaintiffs' request for attorney fees on the ground that the claim is not reasonable.  Plaintiffs contend they are prevailing parties and are entitled to full reimbursement of their attorney fees.

## II.      FACTUAL INFORMATION

KYLER H. (hereafter Kyler) is a 9 year-old girl now in third grade.  Her school district of residence is Chicago Public School District No. 299.  Following a three day due process hearing, Kyler and her mother prevailed in that an Independent Hearing Officer issued an order which ordered that CPS place her at Acacia Academy, a private therapeutic day school in LaGrange, Illinois.  The Hearing Officer also ordered compensatory education services and other relief.

Kyler. brings this action by and through her parent and next friend, LOJWANNA M.  (Plaintiffs Statement of Material Facts, at ¶1, hereafter cited as PSMF).  LOJWANNA M., also brings this action on her own behalf as the prevailing party in the administrative process.  She is KYLER M.'s mother, and she resides with KYLER in Chicago, Illinois and within the boundaries of Chicago Public School District No. 299 (PSMF ¶2).  Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299 (Hereafter the Board, or CPS) is the Local Education Agency as defined in 20 U.S.C Sec. 1402 (15) and, as such, is responsible for ensuring the provision of a free and appropriate education to all children residing in the district who, because of their disabilities, have special education needs  (PSMF ¶3).

Kyler was born with the umbilical cord wrapped around her neck; she had left sided weaknesses and developmental delays.  She received early childhood services until age 3 on the basis of developmental delay. (PSMF ¶7).  Kyler was determined eligible for special education services 2002 and received Early Childhood Special Education Services (ECSE) from September, 2002 until the end of the 2004-5 school year. (PSMF ¶8).  When Kyler was six years old, in May, 2005, CPS conducted an evaluation, which found that she had low average intelligence, and academic functioning consistent with her cognitive abilities.  As a result the IEP team terminated of eligibility for special education services. (PSMF ¶9).

For the 2005-6 school year, Kyler transferred to Warren Elementary School, where CPS staff placed her in a regular first grade classroom, causing her to skip kindergarten. (PSMF ¶10).  Kyler did not make academic progress during first grade; progress reports show that she received failing grades in reading, writing, math, science and social studies for most of that time. (PSMF ¶11).  During second grade, Kyler also experienced academic difficulties, receiving grades of F in reading, spelling, written comprehension, and science. (PSMF ¶12).

Kyler has had behavioral difficulties since a young age, which have worsened over time. During first grade Kyler was hospitalized at Hartgrove Hospital, a psychiatric facility for children and adolescents, for five weeks, beginning in April, 2006 (PSMF ¶13).  Kyler's mother requested that CPS evaluate her for a possible learning disability and emotional disorder in May, 2006, April, 2007 and again in May, 2007.  After each request, CPS refused to evaluate Kyler. (PSMF ¶14) Plaintiff Lojwanna M. retained Mauk & O'Connor, LLP and Michael A. O'Connor to represent them, and on their behalf he requested a due process hearing on June 20, 2007 to redress violations of the Individuals with Disability Act (IDEA) 20 U.S.C. ¶1401 *et seq*  (PSMF ¶15).

In response to the pending due process hearing, CPS scheduled a special evaluation on July 30, 2007.  Kyler was assessed by CPS staff, including an Occupational Therapist, School Social Worker, Speech Language Pathologist and School Psychologist. The evaluations were carried over to August 2, 2007 (PSMF ¶16).  An IEP team also convened on July 30, 2007 and again on August 2, 2007.  The IEP team determined that Kyler was eligible for special education services, and the IEP team prepared an IEP for Kyler (PSMF ¶17).  Kyler's mother objected to the adequacy of the evaluations and to the adequacy of services provided in the IEP of August 2, 2007. Plaintiffs' counsel prepared an amended due process complaint reflecting their concerns (PSMF ¶18).

A due process hearing ensued, beginning on October 24, 2007, and continuing on October 25th and October 26th, before an independent hearing officer (IHO) appointed by the Illinois State Board of Education.  Following the hearing the IHO issued a decision and order on November 16, 2007 (a copy of the decision is attached hereto as Exhibit A) (PSMF ¶19).  The IHO found that CPS denied Kyler a free and appropriate public education from June 20, 2005

until November, 2007, based on procedural violations, failure to evaluate Kyler in a timely manner, and inadequacies in the special evaluation conducted in the summer of 2007, and inadequacies in the Individual Education Plan (IEP) for the 2007-8 school year (PSMF ¶20).

The IHO ordered that CPS:

a) Provide Kyler with a private therapeutic day school placement at public expense at Acacia or a similar school;

b) Provide independent educational evaluations at public expense, including but not limited to psychological assessments of cognitive and academic skills, occupational therapy assessments, and assistive technology assessment, as well as reassessing the nature and extent of student's learning disabilities;

c) Reimburse the cost of the independent speech language evaluation;

d) Provide compensatory education services for loss of FAPE during the past two years, including

e) Additional social work and/or psychological counseling services of 30 mpw (minutes per week) for two years;

f) Tutoring by a certified special education teacher at a site selected by the parents for two hours per week for two years;

g) Convene an IEP meeting and draft an IEP that will consider the full nature and extent of student's disabilities to provide a program of education and related services (PSMF ¶21) .

Kyler began attending Acacia Academy, at CPS expense, in December, 2007 (PSMF ¶22). An independent neuropsychological evaluation at CPS expense has been scheduled with Dr. Lisa Stanford, Ph.D. at the University of Illinois Medical Center for March 27, 2008. An

IEP meeting will be scheduled sometime after that date to consider the report produced by that evaluation (PSMF ¶23).

On January 3, 2008, Kyler, and her guardian, Lojawanna M. through their attorney, submitted an interim claim for attorney fees to Defendant CPS (attached hereto as exhibit B). The total amount claimed for representation in the due process hearing through that date is $42,242.28 (PSMF ¶24). Plaintiffs have incurred, and will incur, additional attorney fees for monitoring compliance with the IHO decision and for attendance at the IEP meeting that will be convened in accordance with the IHO's order (PSMF ¶25). Plaintiffs submitted a supplemental fee petition for fees for legal services in connection with the due process proceeding incurred from January 1, 2008 through May 16, 2008. The amount claimed in the supplemental petition is $4,519.70. The total amount of attorney fees claimed in the initial petition and the supplemental petition is $46,761.98 (PSMF ¶26).

Hourly rate for Michael A. O'Connor in connection with this case was $325 per hour in 2007 and $350 per hour in 2008. (Affidavit of Michael A. O'Connor, Exhibit D at ¶6).The following range of hourly rates prevail in the Chicago metropolitan area for attorneys representing parents in special education matters:

      a) Senior partners (25-35 years of experience)   $295-350/hr

      b) Associate Attorneys                         $145-225/hr

      c) Experienced paralegal                     $85-105/hr

(PSMF ¶27; See also affidavit of Michael A. O'Connor attached as Exhibit D).

Plaintiffs' counsel, Michael A. O'Connor, has been licensed to practice law since 1970, and he has extensive litigation experience. Peter Godina has more than 4 years experience as a

legal assistant, including work as a legal assistant at the firm of Mauk & O'Connor, LLP for more than one year (PSMF ¶28).

### III.    STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

Count II of the complaint, which concerns plaintiffs' claims for reasonable attorney fees, fits the more traditional parameters of summary judgment motions. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see, Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue for trial exists only when the non-moving party presents sufficient factual allegations to enable a rational trier of fact to find in its favor; anything less than this type of showing calls for a grant of summary judgment. *Beard v. Whitley County REMC*, 840 F. 2d. 405, 410 (7th Cir. 1988). "when it is plain that a trial could have but one outcome, summary judgment is properly granted to spare the parties and the court the time, the bother, the expense, the tedium, the pain and the uncertainty of trial." *Spellman v. Commissioner of Internal Revenue,* 845 F. 2d. 148, 152 (7th Cir. 1988). In this instance, there is no genuine issue of material fact and Plaintiffs are entitled to judgment as a matter of law.

### IV.    ARGUMENT -- PLAINTIFFS' ATTORNEY FEES SHOULD BE AWARDED

Plaintiffs' Complaint asserts a claim for attorney fees for the hearing below, based on certain relief awarded by IHO Mastandrea based on her finding that CPS denied Kyler a free and appropriate education for more than two years. Defendant has objected on grounds that Plaintiffs are not prevailing parties, that plaintiffs fees are not reasonable or consistent with prevailing rates, and that special circumstances prevent an award of the full amount claims (see Defendant's Answer

at ¶¶26, 27, and 28). In 1986 Congress amended the IDEA, which permitted the court, in its discretion, to award reasonable attorneys fees as part of the costs to the parents of children with learning disabilities who prevail in a due process hearing or in subsequent judicial forums. An award of reasonable attorney fees is available to the parent of a child with a disability who is the prevailing party under the Individuals with Disability Act, 20 U.S.C. §1415(i)(3)(B)(i)(I). Courts have generally applied the principles and standards applicable to fee awards under 42 U.S.C. §1988 to cases involving fee requests under IDEA. *See, e.g. Jodlowski v. Valley View Community Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253 n. 2 (7th Cir. 1997); *Holmes v. Millcreek Tp. Sch. Dist.*, 205 F.3d 583, 593 n. 12 (3d Cir. 2000); *Kathleen H. v. Massachusetts Dep't of Educ.*, 154 F.3d 8, 14 (1st Cir. 1998).

A. Plaintiffs are Prevailing Parties

To be a prevailing party, a parent "must obtain at least some relief on the merits of [her] claim," *Farrar v. Hobby*, 506 U.S. 103, at 111 (1992). The threshold for prevailing status is not set very high: "Plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" *Farrar, supra* at 112. In its Answer, Defendant denies that Lojwanna M. is a prevailing party (Defendant's Answer at ¶26). However, the due process decision issued by Independent Hearing Officer Mastandrea substantially changed the legal relationship of the parties (see *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 (2001)). IHO Mastandrea ordered Defendant to place Kyler at Acacia Academy, ordered payment for an independent educational evaluation obtained by the parent; ordered additional independent evaluations in areas of Occupational Therapy, Assistive technology, and Psychological assessments of cognitive and academic functions

(PSFM ¶20)  See also, *Benito M. v. Board of Educ.,* 07 C 5950 (N.D. Ill. 2/28/08, Judge Conlon); and  *Jason A. v. Board of Educ.*, 06 C 0142 (N.D. Ill. 6/1/06, Judge St. Eve) (attached hereto as Exhibits A and C, respectively).

B. Plaintiffs Attorney Fees are Reasonable

Courts typically begin with a "lodestar" which is obtained by multiplying the hourly rate times the number of hours reasonably expended, *see, Hensley v. Eckerhart,* 461 U.S. 424 (1983). The party seeking the award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed.  *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 550 (7th Cir. 1999).   Defendant is obligated to present evidence that the fees were unreasonable in order to prevail on their motion for summary judgment, *Cody v. Harris,* 409 F.3d 853, 860 (7th Cir. 2005). In the instant case, Plaintiffs have submitted fee petitions which offer detailed information regarding activities and time allocated in representation/  The initial fee petition listed time spent on the due process hearing through 12/31/07, and claimed attorney fees totaling $42,242.28 (PSMF §23).   A supplemental fee petition was filed with Defendant on May 16, 2008, and claimed additional attorney fees in connection with compliance and enforcement efforts arising from the due process hearing.  Attorney fees claimed in the supplemental petition are $5,044.70, and the total amount now claimed for representation in the due process hearing is $47,286.98 (PSMS ¶25).  Plaintiff retained Michael A. O'Connor, an attorney who has been licensed to practice law for 37 years, to represent her and her daughter regarding special education services.  Mr. O'Connor has extensive litigation experience, having worked in federally funded legal services programs for 20 years, and in a special education practice for more than 8 years.  (PSMF ¶27; see also affidavit of Michael A. O'Connor, attached to PSMF as Exhibit D).

In five prior cases in the Northern District, Defendants have not contested hourly rates charged by the firm of Mauk & O'Connor LLP and in each of those cases the Court accepted Plaintiff's hourly rate as reasonable.  *See*, *Jessica P. v. Board of Educ.*, 05 C 0005, (N.D. Ill 11/30/05, Judge Manning)(attached as Exhbit A); *Jessica P. v. Board of Educ.*, 06 C 0002 (N.D. Ill. 4/13/06, Judge Shadur)(attached as Exhibit B), and *Jason A. v. Board of Educ.*, 06 C 0142 (N.D. Ill. 6/1/06, Judge St. Eve) (attached as Exhbit C); *Eric A. v. Board of Educ.,* 06 C 0302 (N.D. Ill. 3/2/07, Judge Nordberg) (attached as Exhbit D); . *Benito M. v. Board of Educ.,* 07 C 5950 (N.D. Ill. 2/28/08, Judge Conlon) (attached as Exhbit E).

C.    There is No Other Bar to an Award of Attorney Fees

In their answer, Defendant denies that there are no special circumstances that would render unjust an award of the full amount of fees requested, but offers no basis for that denial. Presumably allegations regarding such circumstances will arise in Defendant's Motion for Summary Judgment, and in Defendant's Response to Plaintifffs' Motion for Summary Judgment.

V.    **CONCLUSION**

The Court should award attorney fees in the amount of $47,286.98.  In addition, Plaintiffs should be also be awarded attorneys fees and costs for the time expended for prosecuting this action.

Respectfully Submitted,


/S/Michael A. O'Connor

May 16, 2008                      Michael A O'Connor,
                                  Attorney for Plaintiffs



MAUK & O'CONNOR, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199
Attorney No. 17184