UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLER H., a minor, and <br> LOJWANNA M., individually and <br> as guardian and Next Friend of Kyler H., <br> Plaintiff, <br> v. <br><br> BOARD OF EDUCATION OF THE <br> CITY OF CHICAGO, DISTRICT 299 <br> Defendant. | Case No. 08 C 1125 <br><br> Judge Amy St. Eve |

**BOARD OF EDUCATION OF THE CITY OF CHICAGO'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Defendant, Board of Education of the City of Chicago ("Board"), through its General Counsel Patrick J. Rocks and Assistant General Counsel James J. Seaberry, hereby submits its Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment:

**I. INTRODUCTION**

Plaintiffs' Motion for Summary Judgment focuses entirely on the issue of counsel's hourly rates. The Board, however, never contested plaintiffs' attorney's hourly rates. The Board objected to unreasonable fees included in plaintiffs' fee petition, including costs associated with attendance of plaintiffs' counsel at Individualized Education Program (IEP) meetings.

**II. STATEMENT OF FACTS**

On June 20, 2007, plaintiffs requested a due process hearing pursuant to the Individuals with Disabilities Education Improvement Act (IDEA). *See* Defendant's Rule

56.1(b)(3) Response ¶ 14. On July 30 and August 2, 2007, the Board voluntarily convened an IEP meeting to revise Kyler's IEP for the 2007-08 school year. *Id.* at ¶ 16. These IEP meetings were not ordered by the independent due process hearing officer. *Id.* at ¶ 16. After the IEP meetings, plaintiffs amended their due process complaint, and a hearing was held on October 24-26, 2007. *Id.* at ¶ 18. Plaintiffs prevailed in their hearing against the Board. *Id.* at ¶ 2. Following the decision, plaintiffs' counsel submitted a fee petition claiming $42,242.28 in attorneys' fees and costs.[1] *Id.* at ¶ 23. Included in these fees are $6,825.00 in charges for attendance at, travel to and from, and paperwork drafted in response to the July 30 and August 2, 2007 IEP meetings. *Id.* at ¶ 32.

The Board did not contest plaintiffs' prevailing party status and never opposed plaintiffs' counsel's hourly rates. *Id.* at ¶¶ 2, 34. The Board, however, objected to eighteen fee entries because they were unreasonable and excessive, including fees related to IEP meetings and work that could have been performed by the paralegal. *Id.* at ¶ 33. The Board originally offered $31,100.00, which excluded costs associated with IEP meeting attendance and travel, excessive attorney work which should have been performed by the paralegal, excessive travel time, and other excessive fees not

---

[1] Plaintiffs' complaint in the instant matter was filed February 24, 2008. Three months later and on the day plaintiffs filed their motion for summary judgment, plaintiffs submitted a supplemental attorneys' fee claim in the amount of $5,044.70. *Id.* at ¶ 25. These additional costs were not factored into objections and settlement offers the Board made in February 2008. Moreover, the supplemental fee petition represents a new fee claim because plaintiffs had already filed their initial petition. As such, plaintiffs must comply with Local Rule 54.3(5), which they did not. Accordingly, the supplemental fee petition is not relevant to this matter.

compensable under the IDEA. *Id.* at ¶ 15. The Board's second settlement offer was $35,400 which excluded only the costs associated with the July 30 and August 2, 2007 IEP meetings. *See* Defendant's Rule 56.1(a)(3) Statement of Uncontested Facts, Document 24, ¶ 16. Plaintiffs' counsel rejected both offers, claiming that precedence showed he typically won all attorneys' fees and typically collected fees related to IEP meetings not held pursuant to an order by the Due Process hearing officer. *See* Defendant's Rule 56.1(b)(3) Response at ¶ 33. After plaintiffs filed the instant matter, the Board, in an attempt to settle this matter and avoid frivolous litigation, made another settlement offer of $37,000.00, which plaintiffs rejected. *Id.* at ¶ 33.

Since July 2006, Mauk & O'Connor has filed forty-four IDEA fee petitions against the Board totaling $1,496,781.90. *Id.* at ¶ 28. The Board, however, only paid $1,281,207.20 on these 44 claims. *Id.* at ¶ 28. Mauk & O'Connor voluntarily agreed to a reduction of fees in 39 of these cases in response to the Board's objection on the basis of the unreasonableness associated to certain fee entries. *Id.* at ¶ 28. Only 12 of these cases included a request for fees associated with IEP meetings which occurred after the filing of the due process request but not pursuant to an order. *Id.* at ¶ 29. In two of these cases, Mauk & O'Connor admitted fees associated with IEP meetings were not recoverable under IDEA because the fee petition stated "No Charge" next to these entries. *Id.* at ¶ 30. In eight of the cases, Mauk & O'Connor agreed to a reduction which included the elimination of fees associated with IEP meetings occurring after the filing of the due process request. *Id.* at ¶ 30. In total, Mauk & O'Connor has accepted $19,879.52 reduction in their fee requests for charges associated with IEP meetings

3

which took place after they filed the due process request and without an order by the independent due process hearing officer. *Id.* at ¶ 30.

### III. ARGUMENT

Plaintiffs' motion for summary judgment focused entirely on justifying counsel's hourly rate. The Board, however, never objected to plaintiffs' counsel's hourly rate. Rather, the Board objected to several unreasonable entries in the plaintiffs' fee petitions, including fees associated with attendance at IEP meetings which were not ordered by the independent due process hearing officer.

#### A. IDEA PROHIBITS RECOVERY OF FEES ASSOCIATED WITH IEP MEETINGS NOT HELD PURSUANT TO A JUDICIAL ACTION OR ADMINISTRATIVE PROCEEDING

Pursuant to IDEA, the prevailing party at a due process hearing is entitled to reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B)(i)(I). IDEA, however, does not guarantee the prevailing party full reimbursement of their attorney's fees. 20 U.S.C. §§ 1415(i)(3)(D)(i)-(iii) (detailing three specific areas where attorney's fees are prohibited). Specifically, IDEA prohibits attorneys' fees awards "relating to any meeting of the IEP team" as long as the IEP was not "convened as a result of an administrative proceeding or judicial action, or, ... for a [§ 1415(e)] mediation." 20 U.S.C. §§ 1415(i)(3)(D)(ii). Furthermore, parents bear the burden of establishing the reasonableness of their counsel's fees. *Farrar v. Hobby,* 506 U.S. 103, 111, 114 (1992) (O'Connor, J. concurring).

Plaintiffs' counsel mistakenly infers that because this Court has accepted his hourly rates as reasonable in the past, this Court must accept all his requested fees as reasonable. The reasonableness of counsel's hourly rate does not guarantee a finding

4

that the fees are reasonable. Furthermore, plaintiffs have failed to provide any support to sustain their claim that the fees associated with attendance at IEP meetings which were not ordered by the independent due process hearing officer are recoverable under IDEA.

This Court has repeatedly affirmed that parents are not entitled to reimbursement for attorneys' fees associated with IEP meetings which took place after the filing of a due process request but not pursuant to an order from the independent due process hearing officer. *See M.V. v. Gordon*, No. 98 C 8408, 1999 WL 417394 at *2-3 (N.D. Ill. June 15, 1999); *Brandon K. v. New Lenox Sch. Dist.*, No. 01 C 4625, 2001 WL 34049887 at *3 (N.D. Ill. Dec. 03, 2001). In *M.V. v. Gordon*, No. 98 C 8408, 1999 WL 417394 (N.D. Ill. June 15, 1999), the parents requested a due process hearing which triggered the school district to convene two IEP meetings attended by the parents' attorney. *Id.* at *1. After the parties settled the issues prior to hearing, the parents filed an action to recover their attorneys' fees associated with attendance at the two IEP meetings. *Id.* The court held that a request for a due process hearing alone does not entitle a plaintiff to attorneys' fees for IEP meetings conducted in response to such a request, and granted the school's motion to dismiss the action. *Id.* at *2.

In the instant matter, as in *M.V.*, the mere filing of plaintiffs' dues process request does not automatically entitle them to recovery of attorney fees for attendance at every IEP meeting that occurred after the date of filing. Furthermore, plaintiffs have failed to provide any evidence or cite any case law to the contrary. Consequently, the attorney

5

fees related to the July 30, 2007 and August 2, 2007 IEP meetings should be barred because they were voluntarily convened by the Board.

Additionally, plaintiffs' counsel has repeatedly admitted that attendance at IEP meetings which occurred after the filing of the due process request and without an order from the due process hearing officer are not reimbursable. *See* Defendant's Rule 56(b)(3) Response ¶ 30. Specifically, over the past two years, plaintiffs' counsel has agreed to reduce his fee petitions by $19,879.52 for fees associated with attendance at such IEP meetings.

Plaintiffs' reliance upon *Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253-1255 (7th Cir. 1997) and *Kathleen H. v. Massachusetts Dep't of Educ.*, 154 F.3d 8, 16 (1st Cir. 1998) is misplaced. Neither case supports the proposition that prevailing parties are entitled to fees for attendance at IEP meetings that occur after the filing of a due process request and without a hearing officer's order. In fact, neither case even addresses the issue. Rather, in *Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253-1255 (7th Cir. 1997), the Seventh Circuit held that parents who prevailed on a technicality were not the prevailing parties, and there were no grounds for arguing their fees were reasonable. The First Circuit, in *Kathleen H. v. Massachusetts Dep't of Educ.*, 154 F.3d 8, 16 (1st Cir. 1998), held that plaintiffs did not receive significant enough relief to make them the prevailing party and denied them fees.

Furthermore, plaintiffs mistakenly cite *Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583 (3d Cir. 2000) to support of their proposition that prevailing parties are entitled to

6

all their fees. In that case, the Third Circuit held even though the parents were the prevailing party on all but one of the issues, they were entitled to only one-fourth of their attorneys' fees because the fees were excessive and the parents contributed to protracting the proceedings. *Id.* at 594. The court also based their refusal to award full reimbursement on the fact that the plaintiffs failed to support their position with relevant case law, much like plaintiffs in the instant case. *Id.* at 595. Additionally, the court concluded that, "with experience, the amount of time spent performing routine tasks in an area of one's experience should decrease" and reduced the fees accordingly because the request was unreasonable and excessive.[2] *Id.* at 596.

*Holmes* also supports the denial of any fees associated with litigating this fee claim because the plaintiffs have unreasonably protracted this litigation. *Id.* at 596. *See also* IDEA, 20 U.S.C. § 1415(i)(3)(F)(i) (providing for reduction in attorneys' fees when "the parent, or the parent's attorney ... unreasonably protracted the final resolution of the controversy"). Plaintiffs filed the instant matter without any statutory or case law authority to support their claim that they are entitled to full reimbursement including for fees associated with attendance at IEP meetings which were not convened as a result of the independent due process hearing officer's order. Therefore, plaintiffs' motion for summary judgment should be denied.

---

[2] Plaintiffs' counsel cites his "extensive litigation experience" in special education law in his affidavit to support his $350 per hour rate, yet the fee petition documents long hours spent performing routine tasks. Additionally, the plaintiffs' motion cites the wrong student and parent which clearly demonstrates the cookie cutter nature of many of counsel's documents.

7

Lastly, plaintiffs' counsel refers to five cases litigated against the Board which plaintiffs' counsel claims to support the instant matter. *See* Plaintiffs' Memorandum of Law in support of its Motion for Summary Judgment at 9; *See also* Defendant's Rule 56.1(b)(3) Exhibit A. In three of these cases (*Jessica P.*, 06 C 0002; *Jason A.*, 06 C 0142; and *Benito M.*, 07 C 5950), the issue of fees for IEP meetings not held pursuant to a due process officer's order was not litigated. Therefore, these three cases are irrelevant to the instant case. In *Jessica P.*, 06 C 0005, the Board focused its objections to plaintiffs' prevailing party status and did not raise the issue of fees for IEP meeting attendance. *See* Defendant's Rule 56.1(b)(3) Motion ¶ 30. In *Eric A.*, 06 C 0302, the Court acknowledged that fees for attorney attendance at IEPs not convened pursuant to a hearing officer's order are not recoverable under IDEA. *Id.* The Court went on to hold that evidence indicating whether or not the IEP meeting was the result of a hearing officer's order had not been presented to the court so overruled the Board's objection. *Id.*

### IV. CONCLUSION

Based upon the foregoing arguments and legal precedent, plaintiffs' motion for summary judgment should be denied, and defendant's cross-motion for summary judgment should be granted.

      Respectfully submitted,

      PATRICK J. ROCKS.
      General Counsel

      By: s/James J. Seaberry
      James J. Seaberry

Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, 7th Floor
Chicago, Illinois 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I, James J. Seaberry, an attorney do hereby certify that I caused the attached **BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTON FOR SUMMARY JUDGMENT** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), on this 13th day of June 2008.

s/James J. Seaberry
James J. Seaberry
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, 7th Floor
Chicago, Illinois 60603
(773) 553-1700