# Exhibit A

# EXHIBIT A
## FEBRUARY 19, 2008 SETTLEMENT EMAILS BETWEEN PLAINTIFFS' AND DEFENDANT'S COUNSEL

From: Michael O'Connor [mailto:mikeoc@earthlink.net]
Sent: Tuesday, February 19, 2008 7:31 PM
To: Seaberry, James J
Subject: RE: Kyler Holman

You may not be aware that the Board has litigated four IDEA attorney fee claims to final judgment with Mauk & O'Connor LLP in the past two years. In three of those cases, the courts awarded 100% of the fees claimed. In the fourth case, the Court awarded 75% of the fees claimed, but the reduction was based solely on a finding that the parent did not prevail in all issues. In none of these four litigated cases did the courts reduce the fee award because of excessive or inappropriate billings. The four cases are: Jessica P. v Chicago Public Schools, District 299 Board of Education, 05 C 0005 (November 30, 2005); Jessica P. v Chicago Public Schools, District 299 Board of Education, 06 C 0002 (April 13, 2006); Jason A. v. Chicago Public Schools, District 299 Board of Education, 06 C 0142 (June 1, 2006); Eric A. v. Board of Education of the City of Chicago, District 299, 06 C 342 (3/2/07).

These cases litigated many of the specific issues you raise below, including preparation of due process letter, travel time, attendance at IEP meeting while due process hearing is pending, and time spent compiling records.

In the interests of avoiding litigation, my clients are prepared to accept $40,000 as full and complete payment of fees incurred through January 3. 2008. You are advised that a final IEP meeting to implement relief ordered by the hearing officer has not yet taken place and a supplemental fee claim will be filed when that meeting occurs, probably in April, 2008. Therefore, my clients would be willing to accept $42, 000 as full payment for all fees that are or may be incurred in connection with this due process case. This is our best and final offer.

---

From: Seaberry, James J [mailto:jseaberry@cps.k12.il.us]
Sent: Tuesday, February 19, 2008 2:10 PM
To: mikeoc@earthlink.net
Subject: RE: Kyler Holman

AREAS OF OVERBILLING:

1. 6-16-07 requests for medical records are pre-prepared forms; could be

done by paralegal, not atty.     .75 hrs.

2. 6-16-07  draft due process letter; your office has standard, plug-in forms               2.75

3. 6-20-07  draft of 3 doctors' letters; same form, does not require individual prep.               .50

4. 7-26-07  excessive and duplicative e-mails  .45

5. 7-30-07  travel to IEP meeting, not Ct. ordered  1.0

6. 7-30-07  Attend IEP meeting, not compensable by statute  4.50

7. 8-02-07  attend IEP meeting, not court ordered or compensable by statute  4.50

8. 8-02-07  travel to IEP meeting, not Ct. ordered  1.0

9. 8-05-07  draft IEP dissent  not compensable by statute  3.75

10. 8-05-07 review IEP   not compensable by statute  2.75

11. draft dissent letter  not compensable by statute  .25

12. 9-10-07 edit inventory of school records, could be done by paralegal  1.50

13. 10-02,09,10-07  excessive hours organizing file  13.00

14. 10-22-07  prepare subpoenaes could be done by paralegal  .25

15. 10-24-07  travel to hearing, not compensable by statute  1.75

16. 10-25-07  travel to hearing, not compensable by statute  1.75

17. 10-26-07  travel to hearing, not compensable by statute  1.75

18. 10-19-07  draft letter, compile extract (identical function billed separately for 3 doctors)  1.0

TOTAL OVERBILLING:  30.45 ATTY. HRS. @ 325.00/HR    $9896.25

13.0 PARALEGAL HRS. @ 95.00/HR    $1235.00

The statute referred to is 20 USC sec. 1415(i)(3)(D).

From: Michael O'Connor [mailto:mikeoc@earthlink.net]
Sent: Tuesday, February 19, 2008 1:44 PM
To: Seaberry, James J
Subject: RE: Kyler Holman

On January 3, 2008 I provided the Board with a detailed billing log of 11 pages. You are proposing a 26% reduction based on general allegations of "significant areas of overbilling". My client requires a detailed statement of specific billings that the Board contends are excessive, the reason for the objection, and any relevant case law. If I don't receive that additional information by Friday, February 22, 2008, I will conclude that we are at an impasse, and proceed to litigate this claim

From: Seaberry, James J [mailto:jseaberry@cps.k12.il.us]
Sent: Tuesday, February 19, 2008 10:20 AM
To: mikeoc@earthlink.net
Subject: Kyler Holman
Importance: High

We have found some significant areas of overbilling in your fee petition that we believe are not supported by caselaw as recoverable, or hours in excess of that which would be appropriate. In order to quickly and agreeably resolve this matter, we will offer $31,100.00 as attorneys fees on this case.

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLER H., a minor, and ) <br> LOJWANNA M., individually and ) <br> as Guardian and Next Friend ) <br> of Kyler H. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE BOARD OF EDUCATION OF ) <br> THE CITY OF CHICAGO, ) <br> District 299 ) <br> ) <br> Defendants. ) | No. 08 C 1125 <br> Judge Amy St. Eve |

**AFFIDAVIT OF KATHLEEN M. GIBBONS**

Kathleen M. Gibbons, being first duly sworn on oath, deposes and states as follows:

1. Since April 11, 1994, I have been employed by the Chicago Board of Education of the City of Chicago ("the Board"). Currently, I am a Senior Assistant General Counsel for the Chicago Board.

2. In my capacity as a Senior Assistant General Counsel, I have litigated and settled attorneys' fees petitions brought against the Board pursuant to the Individuals with Disabilities Education Improvement Act (IDEA), 20 § 1415(i)(3).

3. When negotiating fee claims, I always object to paying attorneys' fees associated with parent's counsel attending Individualized Education Program (IEP)

1

meetings that occurred after the filing of due process requests and not occurring pursuant to an independent due process hearing officer's order.

4. Since the 2006 fiscal year, Mauk & O'Connor, LLP has filed forty-four fee petitions against the Board, and has petitioned for a total of $1,496,781.90 in attorneys' fees. The resolution of these 44 fee petitions have resulted in the Board paying Mauk & O'Connor a total of $1,281,207.20 in attorneys' fees and costs.

5. Out of those forty-four fee petitions, twelve of them included charges related to IEP meetings that occurred after the filing of a due process request and not pursuant to an order from the independent hearing officer or court. In all twelve cases, I objected to paying these IEP fees.

6. Out of the twelve cases, Mauk & O'Connor, LLP has settled ten of the cases, eliminating a total of $19,879.52 of fees charged for IEP meetings that occurred after the filing of due process requests and not occurring pursuant to an independent due process hearing officer's order.

7. In two of the ten settled cases, Mauk & O'Connor did not charge for these IEP meetings. Their fee petitions indicated "NO CHARGE" next to every IEP meeting. The fees associated with these meetings totaled $3,950.00.

8. In seven of the ten settled cases, after I objected, Mauk & O'Connor agreed to eliminate attorneys' fees related to IEP meetings that occurred after the filing of a due process request but not pursuant to a hearing officer's order.

    a. In *Jacqueline B.*, ISBE Case No. 2007-0161, Mauk & O'Connor requested $41,385.30 in attorneys' fees and costs; they settled for

2

$37,191.25. I objected to several unreasonable entries, including $1,706.25 for fees charged for IEP meeting attendance and travel. Mauk & O'Connor accepted a $4,194.05 reduction to settle this fee petition.

b.  In *Kevin C.*, ISBE Case No. 2007-0181, Mauk & O'Connor requested $18,048.56 in attorneys' fees and costs; they settled for $15,747.31. I objected to several unreasonable costs, including $1,706.25 of fees charged for IEP meeting attendance. Mauk & O'Connor accepted a $2,301.25 reduction to settle this fee petition.

c.  In *Jurrien J.*, ISBE Case No. 4949, Mauk & O'Connor requested $17,227.22 in attorneys' fees and costs; they settled for $15,521.00. I objected to $1,706.25 for fees associated with IEP meeting attendance and travel after the due process request was filed. Mauk & O'Connor agreed to this reduction.

d.  In *Rashawn J.*, ISBE Case No. 4982, Mauk & O'Connor requested $12,462.95 in attorneys' fees and costs; they settled for $10,269.20. I objected to $2,193.75 for fees associated with IEP meeting attendance and travel after the due process request was filed. Mauk & O'Connor agreed to this reduction.

e.  In *Christopher J.*, ISBE Case No. 4948, Mauk & O'Connor requested $40,397.23; they settled for $36,000. I objected to several

unreasonable charges, including $2,031.25 of fees charged for IEP meeting attendance. Mauk & O'Connor agreed to this reduction.

  f. In *Victoria P.*, ISBE Case No. 4314, Mauk & O'Connor requested $59,742.32 in attorneys' fees and costs; they settled for $56,329.07. I objected to several unreasonable costs, including $2,728.75 of fees charged for IEP meeting. Mauk & O'Connor agreed to this reduction.

  g. In *Lutha W.* ISBE Case No. 4861, Mauk & O'Connor requested $14,893.82; they settled for $13,301.32. I objected to $1,592.50 of fees for IEP meeting attendance and travel. Mauk & O'Connor agreed to this reduction.

9. In one of the ten settled cases, *Joiyvaie J.*, ISBE Case No. 4870, I objected to $3,818.75 for fees associated with the IEP meeting. Mauk & O'Connor requested $12,264.52 in attorneys' fees and costs but would settle for $10,000. In order to avoid needless litigation, I agreed to settle for $10,000.

10. Out of the twelve cases which included a request for fees for IEP meetings which were not the result of a hearing officer's order, two of these cases proceeded to district court. In *Jessica P.*, No. 05 C 5, the Board did not raise the issue of payment for the IEP meetings. Rather, the Board argued the fees were unreasonable because of excessive time spent preparing for the hearing, spent researching, and because the plaintiffs were not a significantly prevailing party. In *Eric A.*, No. 06 C 0302, the Court

held that it did not have enough information in the record to determine whether or not the IEP meetings were convened pursuant to a hearing officer's order.

11. After *Eric A.* was decided on March 2, 2007, Mauk & O'Connor agreed on March 14, 2007 to eliminate fees associated with IEP meeting attendance in *Rashawn J.*, ISBE Case No. 4982. On March 30, 2007, Mauk & O'Connor also agreed to settle *Jurrien J.*, ISBE Case No. 4949 by eliminating fees associated with IEP meeting attendance.

12. Only five of the 44 total fee petitions submitted by Mauk & O'Connor since July 2006 have resulted in the Board paying the entire requested amount. In four of these five petitions, there were no charges for IEP meetings which were not ordered by the hearing officer.

13. If I am called to trial of this matter, I would testify to the above-stated facts.

By: *[signature]*
Kathleen M. Gibbons
Senior Assistant General Counsel

Subscribed and sworn before
me on June 13, 2008

*[signature]*
Notary Public
My Commission Expires:

OFFICIAL SEAL
GISELLE ALICEA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/06/08

5