IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and ) | | |
| **LOJWANNA M.,** Individually and ) | | |
| as Guardian and Next Friend of **KYLER H.,** ) | | |
| ) | 08 C 1125 | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Judge Amy St. Eve | |
| ) | | |
| **BOARD OF EDUCATION OF THE** ) | | |
| **CITY OF CHICAGO, DISTRICT 299** ) | | |
| ) | | |
| Defendant ) | | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHICAGO BOARD OF EDUCATION'S OFFER OF JUDGMENT AND PORTIONS OF DEFENDANT'S RULE 56.1(a) (3) STATEMENT OF MATERIAL FACTS**

NOW COMES Lowjanna M. in her own capacity and as parent of Kyler H., by and through their attorney, Michael A. O'Connor, and move this Court to strike Para. 16 of Defendant's Rule 56.1(a)(3) statement of material facts, and also strike Defendant Chicago Board of Education's Offer of Judgment, which is attached to that document (doc #24-3, pp 52-53), and in support of their Motion, state as follows:

1. Defendant Board of Education served an Offer of Judgment, pursuant to Rule 68, FRCP, on Plaintiffs' counsel on March 8, 2008.

2. Defendant's counsel also filed the Offer of Judgment on March 8, 2008 (document #9), which was inappropriate under the terms of Rule 68, FRCP.

3. Plaintiffs rejected the Defendant's Offer of Judgment by letter on March 24, 2008.

4.  Rule 68 FRCP provides that an offer is to be filed only if accepted, and that evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

5.  On March 24, 2008 Plantiffs filed a motion to strike the Rule 68 Offer of Judgment (document #15).

6.  On March 31, 2008, this Court granted Plaintiffs' Motion to Strike (document #17).

7.  On May 16, 2008, Defendant filed a Motion for Summary Judgment (document #22) together with a Statement of Material Facts pursuant to local rule 56.1(a)(3) (document #24).

8.  In their statement of "material" facts, Defendant, in paragraph 16, refers to an offer of settlement that was memorialized in its Rule 68 offer.  In addition, the Rule 68 offer, previously stricken by order of this Court, is again attached as an exhibit (see document #24-3 at pp 52-53).

9.  As Judge Shadur explained in *Kason v. Amphenol Corp.*, 132 F.R.D. 197 (N.D.Ill. 1990): "Rule 68 is really unambiguous -- its first sentence provides only for the service of offers of judgment on the adverse party, while its second sentence calls for filing of the offer only if the adverse party accepts it within ten days after such service. By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender." *Id.*

10. In cases where an offer of judgment has been filed with the court at the same time it was extended to the opposing party, the appropriate corrective action is to strike the early filing. *See, Kason v. Amphenol Corp.*, 132 F.R.D. 197 (N.D.Ill. 1990); *Labuda v. Schmidt*, 2005 U.S. Dist. LEXIS 20948 (D. Ill. 2005); *Scheriff v Beck*, 452 F Supp 1254, 25 FR Serv 2d 1161(DC Colo., 1978); *Nabors v. Texas Co.*, 32 F. Supp. 91 (W.D. La. 1940).

11. Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with

admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir. 2000) (emphasis added). The purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006); *Solaia Tech. LLC v. Arvinmeritor, Inc.,* 361 F.Supp.2d 797, 826-27 (N.D. Ill. 2005)(emphasis added). Evidence of settlement offers is generally inadmissible, see Rule 408, Fed Rules Evidence.

12. By resurrecting the offer of settlement in its Motion for Summary Judgment, Defendant steps close to the line demarking a deliberate violation of rules. Defendant's references to its settlement offer should therefore be stricken. *See, Menard, Inc, vs Wells Manufacturing Co.,* 2007 U.S. Dist. LEXIS 67010 (N.D. Ill 9/11/2007, Judge St. Eve).

WHEREFORE, Plaintiffs request an order directing the Clerk to strike Paragraph 16 of Defendant's Statement of Material Facts (document 24-1) and the underlying offer of judgment (document #24-3 at pp 52-53).

                                                Respectfully submitted,

                                                /S/ Michael A.O'Connor

June 13, 2008                                  Michael A O'Connor,
                                                Attorney for Plaintiffs

Michael A O'Connor
MAUK & O'CONNOR, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199
Attorney No. 2088266