IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and **LOJWANNA M.,** Individually and as Guardian and Next Friend of **KYLER H.,** | ) ) ) ) | |
| Plaintiffs, | ) ) | 08 C 1125 |
| v. | ) ) | Judge Amy St. Eve |
| **BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299** | ) ) ) ) | |
| Defendant | ) | |

PLAINTIFF'S LOCAL RULE 56.1(b)(3)RESPONSE
TO
DEFENDANT BOARD OF EDUCATION'S
RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS

Plaintiffs Kyler H. and Lojwanna M. by their attorney, hereby submit, pursuant to Local Rule 56.1(b)(3), the following response and additional facts to Defendant Board's Statement of Material Facts.

1.  *Kyler H. ("Kyler") received early childhood services until age 3 on the basis of developmental delay. Kyler was determined eligible for special education services in 2002 and received Early Childhood Special Education Services (ECSE) from September 2002, until the end of the 2004-5 school year. (See Exh."A", Decision and Order, p.6#l).*

    RESPONSE NO. 1:  Plaintiffs admit the allegations in ¶ 1.

2.  *When Kyler was six years old, in May 2005, CPS conducted an evaluation, which found that she had low average intelligence, and academic functioning consistent with her cognitive abilities. As a result the IEP team terminated her eligibility for special education services. (See Exh. "A" Decision and Order, p. 6, #3).*

RESPONSE NO. 2:  Plaintiffs admit the allegations in ¶ 2.

3.      *For the 2005-2006 school year, Kyler transferred to Warren Elementary School, where CPS staff placed her in a regular first grade classroom, causing her to skip kindergarten. (See Exh. "A" Decision and Order, p. 6, #4-6).*

RESPONSE NO. 3:  Plaintiffs admit the allegations in ¶ 3.

4.      *Kyler did not make academic progress during first grade; progress reports show that she received failing grades in reading, writing, math, science and social studies for most of that time. (See Exh. "A" Decision and Order, p. 6, #7-8).*

RESPONSE NO. 4:  Plaintiffs admit the allegations in ¶ 4.

5.      *During second grade, Kyler also experienced academic difficulties, receiving grades of F in reading, spelling, written comprehension, and science. (See Exh. "A" Decision and Order, p. 7, #8-9).*

RESPONSE NO.5:  Plaintiffs admit the allegations in ¶ 5.

6.      *Kyler has had behavioral difficulties since a young age, which have worsened over time. During first grade, Kyler was hospitalized at Hartgrove Hospital, a psychiatric facility for children and adolescents, for five weeks, beginning in April 2006. Kyler's mother requested that CPS evaluate her for a possible learning disability and emotional disorder in May 2006, April 2007 and again in May 2007. (See Exh. "A" Decision and Order, p. 7, #10-15).*

RESPONSE NO.6:  Plaintiffs admit the allegation in ¶ 6

7.      *Lojwanna M. retained Mauk & O'Connor, LLP and Michael A. O'Connor to represent them. (See Exh. "B" Plaintiffs Complaint, par. 14).*

RESPONSE NO. 7:  Plaintiffs admit the allegations in ¶ 7; and affirmatively allege that plaintiffs' counsel filed a request for a due process hearing on their behalf on June 20, 2007 (Exh A, attached to Def't SMF, Decision at p.1).

8.  *CPS scheduled a special evaluation on July 30, 2007. Kyler was assessed by CPS staff, including an Occupational Therapist School Social Worker, Speech Language Pathologist and School Psychologist. The evaluations were carried over to August 2, 2007. (See Exh. "A" Decision and Order, p. 8, #16-17).*

RESPONSE NO. 8:  Plaintiffs admit the allegations in ¶ 8; and affirmatively allege that the evaluation, and the IEP concurrent IEP meetings were scheduled by CPS counsel in order to seek a settlement of the pending due process hearing.  (See letter of Tracy Hamm dated 7/11/07 attached hereto as Exhibit A).

9.  *An IEP team also convened on July 30, 2007, and again on August 2, 2007. The IEP team determined that Kyler was eligible for special education services, and the IEP team prepared an IEP for Kyler. Kyler's mother objected to the adequacy of the evaluations and to the adequacy of services provided in the IEP of August 2, 2007. (See Exh. "A" Decision and Order, p. 8, #17, 37, 45).*

RESPONSE NO. 9:  Plaintiffs admit the allegations in ¶ 9; and affirmatively allege that plaintiffs' counsel prepared a dissent to the IEP, which was then used to prepare and file an amended due process complaint (The amended due process complaint is attached hereto as Exhibit B; see also, Exhibit A attached to Def't SMF, Decision at p. 1 and p. 8, para 16).

10.  *A due process hearing ensued, beginning on October 24, 2007, and continuing on October 25th and October 26th, before an independent hearing officer (IHO) appointed by the illinois State Board of Education. Following the hearing the IHO issued a decision and order on November 16, 2007. (See Exh. "B" Plaintiff's Complaint par. 18).*

RESPONSE NO. 10  Plaintiffs admit the allegations in ¶ 10.

13  *The IHO found that CPS denied Kyler a free and appropriate public education from June 20, 2005 until November 2007, based on procedural violations, failure to evaluate Kyler in a timely manner, and inadequacies in the special evaluation conducted in the summer of 2007, and*

3

*inadequacies in the Individual Education Plan (IEP) for the 2007-8 school year. (See Exh. "A" Decision and Order, p. 26- 27).*

RESPONSE NO. 11: Plaintiffs admit the allegations in ¶ 11,

12. *The IHO ordered that CPS:*

*a. Provide Kyler with a private therapeutic day school placement at public expense at Acacia or a similar school;*

*b. Provide independent educational evaluations at public expense, including but not limited to psychological assessments of cognitive and academic skills, occupational therapy assessments, and assistive technology assessment, as well as reassessing the nature and extent of student's learning disabilities;*

*c. Reimburse the cost of the independent speech language evaluation;*

*d. Provide compensatory education services for loss of FAPE during the past two years, including*

*i. Additional social work and/or psychological counseling services of 30 mpw (minutes per week) for two years;*

*ii. Tutoring by a certified special education teacher at a site selected by the parents for two hours per week for two years;*

*e. Convene an IEP meeting and draft an IEP that will consider the full nature and extent of student's disabilities to provide a program of education and related services. (See Exh. "A", Decision and Order, p. 26-27).*

RESPONSE NO. 12: Plaintiffs admit the allegations in ¶ 12,

13    *Kyler began attending Acacia Academy, at CPS expense, in December, 2007. (See Plaintiff's Complaint, par. 21).*

4

RESPONSE NO. 13:  Plaintiffs admit the allegations in ¶ 13.

14.    *An independent neuropsychological evaluation at CPS expense was conducted by Dr. Lisa Stanford, Ph.D. at the University of Illinois Medical Center on or about March 27, 2008. (See Exh. "B" Plaintiff's Complaint par. 22).*

RESPONSE NO. 14:  Plaintiffs admit the allegations in ¶ 14, and affirmatively allege that an IEP meeting was convened, to consider that evaluation on May 14, 2008 (see Exhibit C attached hereto, at page C-4)

15.    *On January 3, 2008, Kyler, and her guardian, Lojawanna M. through their attorney, submitted an interim claim for attorney fees to Defendant CPS. The total amount claimed for representation in the due process hearing through that date is $42,242.28. (See Exh. "B" Plaintiff's Complaint par. 23).*

RESPONSE NO. 15:  Plaintiffs admit allegations in ¶ 15; and affirmatively allege that plaintiffs, through their attorney, submitted a supplemental attorney fee claim on May 16, 2008 in the amount of $5,044.70, for additional work regarding compliance with the due process decision between January, 2008 and May 16, 2008 and for attending an IEP meeting on 5/14/08 that considered the independent educational evaluation ordered by the hearing officer. The total fees claimed to date amount to $47,286.98 (see Exhibit C attached to hereto [this was also exhibit C in connection with Plaintiffs' SMF filed on 5/16/08, but it appears that Exhibit C was inadvertently not filed with that document, although it was separately served on Defendant's counsel that day]).

16.    *CPS offered to pay Plaintiffs $35,400.00 as attorney's fees, representing all of Plaintiffs' claimed fees except for the fees claimed for attending IEP meetings and related claimed work. CPS advised Plaintiffs that fees for IEP-related activities were expressly barred by the IDEA. Plaintiffs rejected the CPS offer, choosing to litigate over approximately $6,000.00 in claimed fees. (See Exh. "C" Board Offer of Judgment; Exh. "D", Plaintiff's Rejection Letter, 3-24-08).*

5

RESPONSE NO. 16: Plaintiffs object that the contents of Para. 16 are inadmissible under Rule 408 of the Federal Rules of Evidence. Plaintiffs have filed a motion to strike Para 16.

                                                        Respectfully Submitted,

                                                        /S/ Michael A. O'Connor
                                                        Michael A O'Connor,
                                                        Attorney for Plaintiffs

June 13, 2008

Michael A. O'Connor
Mauk & O'Connor, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773) 262-2199
Attorney No. 17184