**MAUK & O'CONNOR, LLP**
1427 WEST HOWARD STREET
CHICAGO, ILLINOIS 60626-1426

MICHAEL A. O'CONNOR
(773) 262-2199 tel
(773) 338-8397 fax
Mikeoc@earthlink.net

SARA E. MAUK
(773) 262-2377 tel
(773) 338-8397 fax
semauk@earthlink.net

VIA EMAIL AND U.S. MAIL

August 6, 2007

Linda Mastandrea, IHO
1327G W. Greenleaf Ave
Chicago, IL 60626

      Re: Kyler Holman, ISBE No. 2007-235
      Amended Due Process Complaint

Dear Ms. Mastandrea:

I write to request leave to file an amendment to the parent's due process complaint. Since the filing of the parent's original due process request, CPS conducted a special evaluation on July 30, 2007, and determined the student eligible with a learning disability. An IEP was completed over two days, on July 30 and August 2, 2007. The parent has filed a dissent to the IEP which raises new issues that need to be addressed in order to resolve the parent concerns. This request to amend the parent due process complaint is made pursuant to 34 C.F.R. §300.508(d)(3). The parent's original due process complaint in para 1-2, with the added provisions in para. 3-9 below are set out below.

A due process hearing is requested for the following reasons:

1. CPS did not provide a free and appropriate education during the period from July, 2002 through the present time based on

    a. Failure to provide parent notice of her procedural rights from July, 2002 until June, 2006;
    b. Failure to conduct adequate assessments of all areas of potential disabilities, with the result that the student's educational program did not address, or addressed inadequately, her learning impediments and emotional/behavioral difficulties;
    c. Termination of eligibility for special education in May, 2005 despite substantial evidence that emotional/behavioral, attention deficit, and other impairments required special education services;
    d. Failure to conduct a full individual evaluation and make an eligibility determination on a timely basis despite repeated requests



   by parent and private providers during the 2005-6 and 2006-7 school year;

  e. Failure to convene an IEP meeting to review an IEE from a private psychologist that was completed in March, 2007;

  f. Failure to provide essential related services in areas of assistive technology, speech/language, psychological and social work services;

  g. Failure to develop an effective functional behavior analysis and behavior intervention plan for the student;

  h. Failure to identify and utilize effective teaching methodologies at a sufficiently intensive level that would enable the student to make progress commensurate with her cognitive skills;

2. Failure to offer a complete curricula in areas of reading, language arts, math, social studies and science, with the result that student did not make academic progress;

3. Parent objects that the evaluations completed on 7/30/07, upon which the current IEP was based, were incomplete and inadequate

  a. The parent expressly requested a non-verbal assessment of cognitive skills, such as the CTONI or Leiter, and the school psychologist agreed that such testing was appropriate. However, because the recommended tests were not available, the school psychologist failed to complete an adequate assessment of non-verbal cognitive skills by administering non-verbal subtests of other tests, such as the WASI non-verbal sub-test. Moreover, the testing did not adequately determine the causes of her learning disabilities. For example, the KTEA-II was administered to assess academic achievement, but five reading related sub-tests were not administered (phonological awareness, nonsense word decoding, word recognition fluency, decoding fluency, associational fluency and naming facility subtests are part of KTEA-II but were not administered.

  b. The speech pathologist conducted an assessment using a single screening tool, the word-r test, which is a screening tool for expressive and receptive language difficulties. The student's communication difficulties should have included Clinical Evaluation of Language Fundamentals, 3rd Edition (CELF-3), Language Processing Test - Revised: (LPT) or the Test of Language Development, Primary, 3rd Edition, (TOLD-P:3).

  c. The Occupational Therapist did not complete an adequate assessment of sensory concerns; visual motor skills were screened, but results not used to make more in-depth assessment of strengths and deficits in visual processing, and visual motor skills; organization skills were not assessed at all, even though Kyler has

      an ADHD diagnosis; and a GETS form was used to arbitrarily assign severity and minutes of services.

    d. Assistive Technology service needs have not been assessed to date.

4. The parent objects that the
    a. Statements of present levels of performance listed on the respective goal sheets do not accurately and objectively state Kyler's skill and functional levels;
    b. Goal statements are vague and not measurable, and where the goals set an objective of six month increase in skill level, the goal is not commensurate with the student's potential for development.
5. The IEP fails to identify what methodology with be used to remediate student's reading and math skills;
6. The IEP provides for an inadequate level of related services in
    a. Speech language services are authorized at 30 minutes per week, but should be at least 60 minutes per week for a child with significantly depressed expressive and receptive language skills
    b. Social works services are authorized at 90 minutes per month, or about 21 minutes per week, but should be at least 60-90 minutes per week; in addition, the IEP does not provide for both group and individual therapy sessions.
    c. Occupational therapy services are authorized for only 15 minutes per month consultative and no direct OT services; the student should receive direct OT services, in a manner to be determined by an adequate OT assessment.
7. The IEP fails to authorize extended school year services, despite substantial evidence that the student has experienced total lack of educational progress over the past two years.
8. The IEP did not address compensatory education services, despite findings by both the school psychologist and the speech pathologist that Kyler had made no progress or had regressed during the past two school years.
9. Placement authorized by the IEP in a self-contained classroom is inadequate because:
    a. The student will be exposed to children with a primary diagnosis of emotional behavior disorder, traumatic brain injury, or other serious impairments other than learning disability
    b. The student will be exposed to children up to two-three years above or below her age and skill level;
    c. Classroom size will not allow student to receive individualized instruction with the degree of intensity she requires to make reasonable academic progress.

    Evidence supporting the above allegations includes the school meetings that have taken place, a review of available school records, reports from Hartgrove Hospital, Metropolitan Family Services, and parent/student reports. Additional evidentiary basis

Mastandrea Letter
Kyler Holman, ISBE No. 2008-6
August 6, 2007
Page 4 of 4

for the above allegations will be provided, as additional school records are made available. A review of the records currently not provided to the parent may provide additional issues to be addressed.

In order to resolve the matter, the parent requests the following relief:

1. Private therapeutic day school placement at public expense;
2. Direct that CPS pay for independent educational evaluations in areas of identified need, including psychological assessments of cognitive and academic skills; occupational therapy assessment, speech language assessment;
3. direct CPS to offer related services in sufficient intensity to allow student access to educational opportunity, including
   a. social work services and/or psychological counseling at least 60 minutes per week;
   b. support for assistive technology software and equipment for at least 30 minutes per week;
   c. direct speech language services at least 60 minutes per week;
4. direct CPS to provide compensatory education services for loss of FAPE during the past two years, including
   a. additional social work and or/psychological counseling services of 30 minutes per week for two years
   b. tutoring by a certified special education teacher, at a site selected by the parents, for two hours per week for two years;
   c. such additional services as may be recommended by any ordered IEE's;
5. direct CPS to convene an IEP meeting that will consider results of evaluations and implement the foregoing relief; and
6. Other relief that will be determined after the receipt of additional school records.

We understand that the filing of this amended due process complaint restarts the timeline. We request that a date be set for a prehearing conference no later that September 6, 2007.

Sincerely Yours,

Michael A. O'Connor

CC: Lojwanna McGhee
    Tracy Hamm, CPS Due Process

Exhibit B-4