IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and | ) | |
| **LOJWANNA M.,** Individually and | ) | |
| as Guardian and Next Friend of **KYLER H.,** | ) | |
| | ) | 08 C 1125 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| **BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO, DISTRICT 299** | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiffs have filed this action to enforce a claim for attorney fees and costs under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Sec 1415(i)(3). Plaintiffs' complaint seeks a fee award in the amount of $42,242.28; a supplemental fee petition, in the amount of $5,044.70, for additional work regarding compliance with the due process decision and attendance at a due process hearing ordered by the hearing officer was submitted on 5/16/08, bringing the total fee claim to $47,286.98.  The parties have filed cross-motions for summary judgment on the claims of Kyler H. and Lojwanna M.  Defendant's motion for summary judgment does not object to Plaintiffs' fee claim, except for a portion of Plaintiffs' claims it contends is barred under 20 U.S.C. §1415(i)(3)(D)(ii).  That section bars an award of fees for participation in an IEP meeting except where the meeting is convened "as the result of an administrative proceeding or judicial action."

Defendants have not pursued objections raised in their answer to the complaint that concern prevailing party status and reasonableness of the fee claim, other than the specific objection regarding attendance at IEP meetings during the pendency of the due process hearing. Plaintiffs now submit this memorandum in opposition to Defendant's motion for summary judgment.

## II.  FACTUAL INFORMATION

The factual information pertinent to this dispute is set forth in detail in the Plaintiffs' Statement of Uncontested Facts in Support of Plaintiffs' Motion for Summary Judgment. Defendant has also submitted a Statement of Uncontested Facts in support of it's cross motion, and Plaintiffs have filed a responsive statement under local rule 56.1(b)(3) with this memorandum.

In summary, Kyler H. ("Kyler') received early childhood services until age 3 on the basis of developmental delay. Kyler was determined eligible for special education services in 2002 and received Early Childhood Special Education Services (ECSE) from September 2002, until the end of the 2004-5 school year (Defendant's Statement of Material Facts, and Plaintiffs' Response, at Para 1 (hereafter cited as Deft SMF).  When Kyler was six years old, in May 2005, CPS conducted an evaluation, which found that she had low average intelligence, and academic functioning consistent with her cognitive abilities. As a result the IEP team terminated her eligibility for special education services (Deft SMF para 2).  For the 2005-2006 school year, Kyler transferred to Warren Elementary School, where CPS staff placed her in a regular first grade classroom, causing her to skip kindergarten (Deft SMF para 3).  Kyler did not make academic progress during first grade; progress reports show that she received failing grades in reading, writing, math, science and social studies for most of that time (Deft SMF para 4).

During second grade, Kyler also experienced academic difficulties, receiving grades of F in reading, spelling, written comprehension, and science (Deft SMF para 5).  Kyler has had

behavioral difficulties since a young age, which have worsened over time. During first grade, Kyler was hospitalized at Hartgrove Hospital, a psychiatric facility for children and adolescents, for five weeks, beginning in April 2006. Kyler's mother requested that CPS evaluate her for a possible learning disability and emotional disorder in May 2006, April 2007 and again in May 2007 (Deft SMF para 6). Lojwanna M. retained Mauk & O'Connor, LLP and Michael A. O'Connor to represent them, and plaintiffs' counsel filed a request for a due process hearing on their behalf on June 20, 2007 (Deft SMF and Plaintiffs' Response, para 7). CPS scheduled a special evaluation on July 30, 2007. Kyler was assessed by CPS staff, including an Occupational Therapist School Social Worker, Speech Language Pathologist and School Psychologist. The evaluations were carried over to August 2, 2007. The evaluation, and the IEP concurrent IEP meetings were scheduled by CPS counsel in order to seek a settlement of the pending due process hearing (Deft SMF and Plaintiffs' Response, para 8). An IEP team also convened on July 30, 2007, and again on August 2, 2007. The IEP team determined that Kyler was eligible for special education services, and the IEP team prepared an IEP for Kyler. Kyler's mother objected to the adequacy of the evaluations and to the adequacy of services provided in the IEP of August 2, 2007. Plaintiffs' counsel prepared a dissent to the IEP, which was then used to prepare and file an amended due process complaint (Deft SMF and Plaintiffs' Response, para 9).

      A due process hearing ensued, beginning on October 24, 2007, and continuing on October 25th and October 26th, before an independent hearing officer (IHO) appointed by the Illinois State Board of Education. Following the hearing the IHO issued a decision and order on November 16, 2007 (Deft SMF para 10). The IHO found that CPS denied Kyler a free and appropriate public education from June 20, 2005 until November 2007, based on procedural violations, failure to evaluate Kyler in a timely manner, and inadequacies in the special

evaluation conducted in the summer of 2007, and inadequacies in the Individual Education Plan (IEP) for the 2007-8 school year (Deft SMF para 11). The IHO ordered that CPS:

> a. Provide Kyler with a private therapeutic day school placement at public expense at Acacia or a similar school;
>
> b. Provide independent educational evaluations at public expense, including but not limited to psychological assessments of cognitive and academic skills, occupational therapy assessments, and assistive technology assessment, as well as reassessing the nature and extent of student's learning disabilities;
>
> c. Reimburse the cost of the independent speech language evaluation;
>
> d. Provide compensatory education services for loss of FAPE during the past two years, including
>
>> i. Additional social work and/or psychological counseling services of 30 mpw (minutes per week) for two years;
>>
>> ii. Tutoring by a certified special education teacher at a site selected by the parents for two hours per week for two years;
>
> e. Convene an IEP meeting and draft an IEP that will consider the full nature and extent of student's disabilities to provide a program of education and related services. (Deft SMF para 12).

Kyler began attending Acacia Academy, at CPS expense, in December, 2007 (Deft SMF para 13). An independent neuropsychological evaluation at CPS expense was conducted by Dr. Lisa Stanford, Ph.D. at the University of Illinois Medical Center on or about March 27, 2008, and an IEP meeting was convened, to consider that evaluation on May 14, 2008 (Deft SMF and Plaintiffs' Response, para 14). On January 3, 2008, Kyler, and her guardian, Lojawanna M.

through their attorney, submitted an interim claim for attorney fees to Defendant CPS. The total amount claimed for representation in the due process hearing through that date is $42,242.28. Plaintiffs, through their attorney, submitted a supplemental attorney fee claim on May 16, 2008 in the amount of $5,044.70, for additional work regarding compliance with the due process decision between January, 2008 and May 16, 2008 and for attending an IEP meeting on 5/14/08 that considered the independent educational evaluation ordered by the hearing officer. The total fees claimed to date amount to $47,286.98  (Deft SMF and Plaintiffs' Response, para 15).

## III.    ARGUMENT

An award of reasonable attorney fees is available to the parent of a child with a disability who is the prevailing party under the Individuals with Disability Act, 20 U.S.C. §1415(d)(3)(B); 34 C.F.R. §300.513.  In their answer to Plaintiffs' Complaint, Defendants denied that Plaintiffs were prevailing parties, and denied that they were entitled to any fees whatever (see Answer, Doc # 12, at para 26 through 28).  Defendant's Motion for Summary Judgment only objects to that portion of Plaintiffs' fee claim that arose from IEP meetings, and an analysis of the IEP that led to an amended due process complaint (Def't memorandum, Doc # 23; Deft Motion for Summary Judgment, Doc #22).  Defendant's sole contention is that 20 U.S.C. §1415(i) (3) (D) (ii) bars fees for attending the IEP meetings under the facts of this case.  §1415(i)(3)(D)(ii) states: "Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action…"  Plaintiffs contend that the IEP meetings were convened as a direct "result of" the pending due process hearing, and that the entire fee claim should be awarded.

**A.    Plaintiffs are entitled to an award of fees for attending the IEP meetings convened as a result of the pending due process hearing.**

Defendant present two cases, both decided shortly after IDEA was amended in 1997 to prohibit an award of fees for attending an IEP meeting unless convened as the result of an administrative proceeding or judicial action.  The first case, *M.V. v. Gordon*, 1999 U.S. Dist. LEXIS 9144 (N.D. Ill. June 15, 1999), noted that "the parties have not provided cases interpreting this recently enacted statutory provision, and the Court's research has similarly found no such case".  Observing that "Plaintiffs solely seek recovery for fees relating to IEP meetings…and there are no allegations that the IEP meetings were convened as a result of an administrative proceeding or judicial action" *M.V.* at p 2, the court concluded that fees could not be awarded.  The second case cited by Defendant, *Brandon K. v. New Lenox School District*, 201 U.S. Dist. LEXIS 20006 (N.D. Ill., November 30, 2001), concerned a claim for fees following a settlement of a due process hearing, where the IEP meetings occurred after the settlement was completed by the parties.  Judge Coar referenced the *M.V.* case, *supra*, and observed that "plaintiffs have not advanced any contrary interpretation or precedent," reached the same conclusion as Judge Marovich in *M.V.*

Three other district courts have taken a careful look at §1415(i)(3)(D)(ii) and arrived at a different interpretation.  In *F. R. v. Board of Educ., Plainedge Public Schools*, 67 F. Supp.2d 142 (E.D.N.Y. 1999), the parties convened IEP meetings after the filing of a due process request, and the meetings resulted in a settlement (this was a pre-*Buckhannon* case, in which the settlement conferred prevailing party status on the parents).  The court carefully reviewed the statute and legislative history, and concluded:

> Clearly, the 1997 amendment was intended to discourage attorney participation in routine IEP meetings.  The presence of attorneys in such situations was no doubt

6

>thought to contribute to an adversarial atmosphere that might inhibit the parties from working together to develop an agreeable plan.  The court cannot agree, however, that the amendment was intended to prohibit completely any award of attorney's fees in cases where the IEP meeting is held in direct response to an attorney's request for an impartial hearing.  In such cases, the IEP meeting may have been convened to settle the parties dispute and would likely not have been held at all, but for the attorney involvement.  *F.R.* 67 F.Supp.2d, at 147.

The Court in *F.R.* went on to state that the School District's interpretation of §1415(i)(3)(D)(ii) "frustrates the policy behind the attorneys' fee provisions of the IDEA – a provision that is to be construed liberally and 'generously.' *See Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792, 103 L. Ed. 2d 866, 109 S. Ct. 1486 (1989); *G.M., v. New Britain Board of Education*, 173 F.3d 77, 81 (2d Cir. 1999); *K.R., as Natural Mother and on behalf of* ; *M.R. v. Board of Educ. of Brentwood School District*, 66 F. Supp. 2d 444, 1999 WL 722356 (E.D.N.Y. 1999)." *Id.*.

In *Sabatini v Corning-Painted Post Area School District*, 190 F. Supp. 2d 509 (W.D.N.Y. 2007), the school district objected to an award of fees for participation in two IEP meetings prior to the parent's request for a due process hearing.  In this case, IEP meetings were held in May and July, and the parents' counsel requested a due process hearing in August.  Interestingly, the School District cited "authority that the 'trigger point' for attorney's fees under IDEA is generally a request for an impartial hearing." *Sabatini,* supra at 519, *citing Shanahan v. Board of Educ. of Jamesville–Dewitt Central Sch. Dist.* 953 F. Supp. 440, 444 (N.D.N.Y. 1997); *Anderson v. Board of Educ. Of the Syracuse City Sch. Dist*. 1889 U.S. Dist. LEXIS 943, 1989 WL 8664 (N.D.N.Y 1989).  However, the school district had filed a request for due process hearing in June, in response to the parent's request for an independent educational evaluation.  The court allowed fees to be awarded for attendance at the July IEP meeting, based on the pendency of a

7

hearing request by the school district. After it cited with approval the reasoning in *F.R. supra.*, the Court observed (referring to the July IEP meeting for which fees were allowed):

> This was not a case in which the parties had simply been discussing the best plan for Aaron's education, and agreed to hold an IEP meeting to attempt to work out a solution. Plaintiffs had expressed their disagreement with the District's evaluation of Aaron, and, through their attorneys, had requested an independent evaluation. The district then requested an impartial hearing, but dropped the request when the IEP meeting was held. None of this suggest any unnecessary or counterproductive attorney involvement, or that plaintiffs' attorneys' involvement at that state made matters any more contentious or drew the parties' focus away from Aaron's education as the primary concern. The attorneys' involvement was due to an already-existing dispute between the District and Aaron's parents over the best plan for Aaron's education. 190 F. Supp 2d at 520.

The court's reasoning in Sabatini fits the circumstances of the instant case, where Defendant's counsel initiated an IEP meeting in response a pending due process hearing, and expressed interest in settling the dispute through the IEP meeting (See Def't SMS and Plaintiffs' response at para 8 and 9). Involvement by Plaintiffs' attorney in the IEP meeting was directly related to issues raised in the pending due process hearing (*Id.*).

*County School Board of York County, Virginia, v. A.L.* 2007 U.S. Dist. LEXIS 16395 (E.D. Va. March 6, 2007) involved an extensive dispute regarding attorney fees under IDEA. A portion of the case concerned the school district objection to an award of fees for attending an IEP meeting that was convened during an appeal, where the meeting was not directly ordered by either a hearing officer or a court. However, the Court determined that the IEP meeting concerned contested issues addressed in pending litigation, and thus ruled that 20 U.S.C. §1415(i)(3)(D)(ii) does not bar an award of fees. *Id.*, at page 10.

In the instant case, the IEP was convened as a direct result of the pending due process hearing and the issues addressed at the meeting were clearly concerned issues raised in the pending due process hearing. Moreover, the positions taken by the IEP team became the subject

of an amendment to the due process complaint (see Deft' SMF and Plaintiffs' Response at para 8 and 9). In addition, the parent prevailed on the additional issues created by the IEP meeting in that the hearing officer determined that the IEP did not offer a free and appropriate education to Kyler, and the hearing officer ordered independent evaluations at public expense for all the evaluations (psychological, speech, occupational therapy and assistive technology) which were the subject of the two IEP meetings in July and August. Under these circumstances, denial of fees for the time expended in attending the IEP meetings in July and August, and in preparing a parent dissent would not be consistent with the legislative history of §1415(i)(3)(D)(ii), the plain terms of the section, and the larger context of attorney fees provisions of IDEA, which are necessary to assure that parent, and their disabled children, have access to the free and appropriate public education that Congress requires local school districts provide to children with disabilities. As the Court noted in *F.R.*, allowing an award of fees in cases concerning attendance at an IEP meeting convened during the pendency of a due process hearing "furthers the purposes of prompting attorneys to aid I the prosecution of student rights under the IDEA while also encouraging early settlements of such disputes." *F.R. supra*, 67 F. Supp. 142 at 147,

## IV.  CONCLUSION

The record in this case shows that plaintiffs should be awarded attorneys fees and costs for the time expended for representation of plaintiffs in the due process hearing, as well as the time spent attending IEP meeting convened while the due process hearing was pending, and for time expended in prosecuting this action to obtain fees. Plaintiffs seek judgment against the Defendant for the full amount of attorney fees, $47,286.98.

Respectfully Submitted,

June 13, 2008

/S/ Michael A. O'Connor
Michael A O'Connor,
Attorney for Plaintiffs

Mauk & O'Connor, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199
Attorney No. 17184