IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLER H., a minor and **LOJWANNA M.**, individually and as Guardian and Next Friend of KYLER H. )<br>Plaintiffs, )<br>v. )<br>)<br>BOARD OF EDUCATION OF THE )<br>CITY OF CHICAGO, DISTRICT 299 )<br>Defendant. ) | No. 08 C 1125<br><br>Judge Amy St. Eve |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT AND PORTIONS OF DEFENDANT'S RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS

Defendant, Board of Education of the City of Chicago ("Board") by its attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel James J. Seaberry, submits its response to Plaintiff's Motion to Strike Defendant's Paragraph 16 of its 56.1(a)(3) statement of material facts and Defendant's Offer of Judgment. Defendant Board asserts that under Federal Rule of Evidence (FRE) 408(b), the Board's Offer of Judgment and 56.1(a)(3) Statement of Material Facts ¶ 16 should not be stricken.

### INTRODUCTION

The Board's inclusions of the rejected offer of judgment and the related facts asserted in the Board's 56.1(a)(3) Statement of Material Facts ¶ 16 are permissible evidence. Under the exception provision of FRE 408(b), the Board is not precluded from mentioning offers of settlement if they are made for "purposes not prohibited by subdivision (a)." Both the rejected Offer of

Judgment and 56.1(a)(3) ¶ 16 summarize the Board's good faith attempts to settle, necessary in order to rebut the plaintiffs' claims about why the Board would not pay certain attorneys' fees, and to show the Board's good intentions regarding resolution of the fee petitions. Because the Board has other purposes for referencing the settlement offers, neither of Offer of Judgment nor ¶ 16 of the Board's 56.1(a)(3) Statement of Material Facts should be stricken under FRE 408.

## ARGUMENT

The Board's inclusion of the rejected Offer of Judgment and the related content of its 56.1(a)(3) Statement of Material Facts ¶ 16 are not attempts to resurrect outstanding offers. Rather, they are attempts to explain the facts surrounding the Board's position on the outstanding fee petitions, and to show that plaintiffs are needlessly protracting litigation. Given that the plaintiffs have ignored the Board's reasonable efforts to settle and created their own arguments for why the Board will not pay the petitions in full, it shows that the plaintiffs are prolonging the instant case[1]. Without referencing the settlement history in order to rebut the plaintiffs' arguments and exhibit its good intentions, the Board cannot factually support its arguments on why it objects to the unreasonableness of certain fees, why the fees are unsupportable under IDEA, and why plaintiffs are prolonging litigation.

This Court agreed with plaintiff that the Board incorrectly filed its March

---

[1] According to the IDEA, 20 U.S.C. § 1415(i)(3)(F)(i), attorneys' fees may be reduced simply because the plaintiffs unreasonably protract the final resolution of the controversy. While the Board affirms that it will not pay IEP meeting fees, the plaintiffs' uncooperative attitude reflected by the settlement record borders on them having needlessly protracted the instant case's final resolution.

2

8, 2008 Offer of Judgment. The Court properly struck the Board's offer of judgment from the record in its capacity as a valid outstanding offer. However, evidence made inadmissible under FRCP 68 is not automatically inadmissible if used for another purpose under FRE 408. *Thompson v. Law Firm of Simpson & Cybak*, 244 Fed.Appx. 741, 744 (7th Cir. 2007) (explaining that Rule 68 and Rule 408 are in dialogue with one another, but that evidence inadmissibility under one rule did not preclude its admissibility under the other). FRE 408(a) states that evidence of offers to compromise are prohibited "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through prior inconsistent statement or contradiction." FRE 408(b) states that offers to compromise need not be excluded "if the evidence is offered for purposes not prohibited by subdivision (a)." *See Taylor v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 04 C 7270, 2008 WL 244303 at *3-4 (N.D. Ill. Jan. 28, 2008); *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005).

Examples of the "other purposes" permitted by FRE 408(b) in exception to FRE 408(a) include referencing the settlement record "for the purposes of rebuttal ... [and] to show the defendant's knowledge and intent." *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000).

Plaintiffs have based the necessity of ongoing litigation by arguing that Board denied that plaintiffs were the prevailing party, and claiming the problem was the Board's disagreement with the plaintiffs' counsel's hourly rates. *See* Plaintiffs' Memorandum in support of their Motion for Summary Judgment pp.

7-8; Plaintiff's 56.1(a)(3) Statement of Material Facts ¶ 26. The Board has never based its argument against paying the fees in full on either issue when it made it known throughout settlement discussions that it would not pay for IEP meetings and other unreasonable fees. The only mechanism for proving the Board's arguments and rebutting the plaintiffs' claims is to include the full settlement discussions into the record. Such evidence, not referenced to resurrect old offers, is necessary in order to show that plaintiffs are protracting this litigation and to set the factual record straight regarding the Board's objections to the fee petitions at the heart of the instant litigation.

In *Peters v. Northern Trust Co.*, No. 92 C 1647, 2001 WL 1002499 at *2 (N.D. Ill. Aug. 29, 2001), the plaintiff objected to the defendant referencing settlement communications between both parties. The defendant contended it could reference the settlement efforts in order to rebut the plaintiff's contentions regarding the defendant's actions and alleged liability. *Id.* This court concluded that evidence of settlement negotiations was admissible because it was for purposes " 'other than establishing liability', including rebuttal." *Id., citing Bankcard America, Inc.*, 203 F.3d at 484. Because the settlement record was the best rebuttal of the plaintiff's contentions before the court, the documents were admissible under FRE 408. *Id.*

In both cases, the plaintiff attempted to make representations regarding the defendant's positions. The only evidence available to the defendants for rebuttal is the settlement negotiations and various offers. *Id.* As in *Peters*, the

Board should be allowed to reference the full history of the settlement negotiations because they are the only method of rebutting the plaintiffs' contentions made in their various motions and to show the Board's good faith efforts to settle the instant matter.

## CONCLUSION

The Board's referencing of the various attempts to settle this litigation should not be stricken. The settlement offers and discussions are not included in order to dispute liability or reintroduce an outstanding offer, because that would violate both FRCP 68 and FRE 408(a). Rather, the evidence is admissible under FRE 408(b) in order to rebut the plaintiffs and to show how plaintiffs are dangerously close to violating IDEA § 1415(i)(3)(F)(i) by protracting this litigation. Given that the heart of the instant matter is fee petitions, the settlement history is the only factually available evidence the Board can use to rebut the plaintiffs' allegations. The material in the Board's 56.1(a)(3) ¶16 and the rejected offer of judgment should not be stricken, since they serve the purpose of rebutting the plaintiffs' arguments, supporting the Board's position, and showing the plaintiffs' protraction of this litigation.

Respectfully submitted,
Patrick J. Rocks
General Counsel

By: s/ James J. Seaberry
James J. Seaberry
Attorney for Defendant Board

Assistant General Counsel
Board of Education of the City of
Chicago – Law Department
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I, James J. Seaberry, certify that I caused the attached **BOARD OF EDUCATION OF THE CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT AND PORTIONS OF DEFENDANT'S RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 11th day of July, 2008.

s/ James J. Seaberry
James J. Seaberry
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700

Westlaw.

Slip Copy  
Slip Copy, 2008 WL 244303 (N.D.Ill.)  
(Cite as: 2008 WL 244303 (N.D.Ill.))

Page 1

Taylor v. Northeast Illinois Regional Commuter R.R. Corp.  
N.D.Ill.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. Illinois,Eastern Division.  
Sandra R. TAYLOR, Plaintiff,  
v.  
NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a/ Metra, Defendant.  
No. 04 C 7270.

Jan. 28, 2008.

Terence Edward Flynn, William Paul Jones, Flynn & Jones, Chicago, IL, Rick Rosen, Rosen Law Firm, O'Fallon, IL, for Plaintiff.  
Alan Barinholtz, William J. Melichar, The Law Offices of Alan Barinholtz, P.C., Chicago, IL, for Defendant.

**MEMORANDUM OPINION AND ORDER**

MICHAEL T. MASON, United States Magistrate Judge.

*1 Before the Court are plaintiff Sandra R. Taylor's ("plaintiff") motions *in limine* and defendant Northeast Illinois Regional Commuter Railroad Corporation's ("METRA") motions *in limine*. Plaintiff's claims in this matter arise under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60. For the reasons set forth below, plaintiff's motions *in limine* are denied; defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is granted in part and denied in part; defendant's motion *in limine* to bar plaintiff from introducing evidence of unrelated medical treatment is granted; and defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part.

**BACKGROUND**

Plaintiff seeks damages from METRA for a back injury she allegedly sustained at work on October 17, 2003 while scraping gum off the floor of a railroad car. In Count I of her complaint, plaintiff alleges that METRA was negligent in one or more of the following ways: by failing to have a safe way to perform the work she was required to do; by failing to provide a safe place to work, and by assigning plaintiff to work for which she was not physically suited. In Count II of her complaint, plaintiff alleges a claim for negligent assignment. In particular, plaintiff alleges that she previously injured her back while working for defendant, she had medical treatment and settled a claim with defendant. Plaintiff further alleges that she was assigned to work beyond her physical capacity, and that defendant failed to provide her with proper tools, material and equipment after being placed on notice of her serious back condition by her prior claim.

**ANALYSIS**

This Court has broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir.2002). The court's power to exclude evidence *in limine* derives from our authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion *in limine* should only be granted where the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT & T Technologies,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* With these guidelines in mind, we turn to the motions before the Court.

**A. Plaintiff's Motion *in Limine* to Exclude Dis-**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2
Slip Copy, 2008 WL 244303 (N.D.Ill.)
(Cite as: 2008 WL 244303 (N.D.Ill.))

**ciplinary Evidence**

Plaintiff filed a motion *in limine* to exclude any mention of purported discipline assessed to plaintiff due to the late filing of an accident report. Plaintiff alleges that she was injured at work on October 17, 2003. However, she did not seek medical attention until the following Monday, October 20, 2003. Plaintiff called in sick on October 20, 2003. Plaintiff contends that during that telephone conversation, she told her supervisor that she injured her back at work on the preceding Friday. In contrast, defendant contends that plaintiff's supervisor will testify that plaintiff did not identify the injury as work-related during the October 20, 2003 phone call. All parties agree that plaintiff did not complete an accident report until October 22, 2003. Plaintiff admits that she was disciplined for failure to file an accident report on the day of the injury. Defendant intends to introduce evidence that METRA requires its employees to report work-related injuries on the date of the occurrence, that plaintiff did not notify METRA of her alleged work-related injury until five days after it occurred, that plaintiff was aware of METRA's rule and the consequences of failing to adhere to it, and that plaintiff was in fact disciplined for violating this rule.

*2 Plaintiff asks this Court to exclude any mention or evidence of purported discipline assessed against her as a result of the late filing of her accident report. Plaintiff argues that METRA's disciplinary procedures have no relevance to the triable issues in this case and that they should be excluded pursuant to *Kulavic v. Chicago & Ill. M. Ry. Co.,* 1 F.3d 507, 511 (7th Cir.1993). This Court disagrees. There is an issue of fact in this case as to whether plaintiff's injury was sustained at work on the date claimed by plaintiff. The evidence defendant intends to introduce is relevant to that issue.

Furthermore, the *Kulavic* case does not provide a basis for exclusion of this evidence. In *Kulavic,* the plaintiff sought recovery under FELA for injuries he suffered on the job as a result of a physical altercation with his boss. *Kulavic,* 1 F.3d at 509. After an investigative hearing, plaintiff was fired for failing to return to work due to ongoing physical problems relating to those injuries. *Id.* His termination was upheld on appeal by an arbitration board, and he did not contest the arbitration board's findings that he was not wrongfully terminated. *Id.* at 512.In the FELA action, defendant argued that the arbitral award precluded plaintiff from introducing evidence of damages for lost wages, benefits and earning capacity following his discharge because that issue had already been resolved. *Id.* at 511.However, plaintiff filed his FELA claim to recover lost wages and benefits related to his personal injuries rather than his termination. The Seventh Circuit found that the fact-finding process utilized at the investigative hearing was not equivalent to evidentiary procedures used in judicial fact-finding. *Id.* at 517.The Court further found that the defendant failed to demonstrate that the procedures utilized at the investigative hearing were sufficiently protective of plaintiff's federal statutory right to recover under FELA. *Id.* Accordingly, the Seventh Circuit reversed the district court's finding that plaintiff's lost pay claim was precluded by the arbitration award. *Id.* at 519-20.

Here, METRA does not argue that the disciplinary proceedings relating to plaintiff's failure to file an accident report on the date of the alleged injury have any preclusive effect on any of the matters to be tried in this case. Moreover, plaintiff does not deny that she reported the injury late or that she was disciplined for doing so. Simply put, we find that *Kulavic* is inapplicable here.

Plaintiff also argues that the disciplinary evidence would be prejudicial and not probative under Federal Rule of Evidence 403. Again, we disagree. The fact that plaintiff did not file her injury report until five days after she claims the injury occurred when she knew she could be disciplined for such conduct is probative of whether the injury actually occurred at work on October 17, 2003. This Court finds no prejudice in allowing defendant to introduce the disciplinary evidence.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2008 WL 244303 (N.D.Ill.)
(Cite as: 2008 WL 244303 (N.D.Ill.))

*3 Based on the foregoing, plaintiff's motion *in limine* is denied. However, "denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial."*Hawthorne Partners,* 831 F.Supp. at 1401. Instead, denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections as they arise at trial, even if the proffer falls within the scope of a denied motion *in limine. Id.* (citing *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989)).

**B. Plaintiff's Motion *in Limine* to Exclude Evidence of a Prior Settlement**

Count II of plaintiff's complaint is a claim for negligent assignment. Plaintiff argues that the evidence will show that her supervisor specifically knew of a prior back injury plaintiff sustained at work, that plaintiff told her supervisor before her October 17, 2003 injury that certain work was painful for her, and that defendant still assigned her to that specific work. Thus, it is clear that plaintiff intends to introduce evidence of her prior back injury at trial. The prior injury occurred in 2001 and defendant paid plaintiff to settle that claim.

Plaintiff's motion *in limine* asks this Court to bar defendant from introducing evidence of a prior monetary payment paid by defendant to plaintiff pursuant to a settlement of a separate case. Plaintiff argues that evidence of the prior settlement is barred under Federal Rule of Evidence 408. Rule 408 provides:

(a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish-or accepting or offering or promising to accept-a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408.

In response, defendant argues that Rule 408 controls when such evidence is used to prove liability but not when the evidence is used for another purpose. Defendant further contends that the settlement of the prior claim involves an unrelated case and it is not being introduced to prove liability in this case. This Court agrees.

*4 Rule 408 does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). See Fed.R.Evid. 408(b); *see also, Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir.1982) (noting that Rule 408 controls when evidence of settlement attempts is offered to prove liability, but it does not require exclusion when the evidence is offered for another purpose). Here, it does not appear that any party intends to use evidence of the prior settlement for any of the purposes set forth in Rule 408(a) (liability; invalidity of, or the amount of a claim that was disputed as to validity or amount; or to impeach through a prior inconsistent statement). Instead, assuming plaintiff introduces evidence of her prior work-related injury, defendant seeks to introduce evidence of the settlement to prevent confusion to the jury if they were not informed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2008 WL 244303 (N.D.Ill.)  
(Cite as: 2008 WL 244303 (N.D.Ill.))

Page 4

that plaintiff was compensated for the earlier injury. Consequently, this Court finds that evidence of the prior settlement is not barred by Rule 408.

Plaintiff also argues that evidence of the settlement would be prejudicial under Federal Rule of Evidence 403. According to plaintiff, the jury might deem her a "serial filer" or be confused about deducting the prior payment. On the other hand, defendant argues that the jury might be inclined to consider the prior claim when assessing damages in this case if they are not informed of the settlement. At this juncture, plaintiff has not demonstrated that evidence of the prior settlement is inadmissible on all potential grounds. Moreover, the issue of whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice is best resolved in the context of trial. Accordingly, plaintiff's motion *in limine* to bar defendant from introducing evidence of the prior settlement is denied. Again, this does not mean that all evidence contemplated by this motion will be admitted. *Hawthorne Partners,* 831 F.Supp. at 1401. Plaintiff is free to raise the issue of prejudice at trial.

**C. Plaintiff's Motion *in Limine* to Include Witness Statements**

Plaintiff seeks to introduce four handwritten statements and two recorded and transcribed statements of defendant's employees. These statements were gathered by defendant following plaintiff's injury and produced during the discovery phase of this case. Plaintiff seeks to introduce these statements in lieu of calling four to five witnesses. According to plaintiff, three of the witnesses state that plaintiff complained of injuries on the date of the accident. She argues that the statements are admissible pursuant to Federal Rule of Evidence 807. Rule 807 provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

*5 Fed.R.Evid. 807.

The statements in question are clearly hearsay. Furthermore, plaintiff has failed to meet the requirements of Rule 807. The Rule requires that the statements have "equivalent circumstantial guarantees of trustworthiness." Fed.R.Evid. 807. Here, none of the statements were taken under oath and plaintiff has failed to demonstrate how the statements are trustworthy or reliable at all. Moreover, under Rule 807, the statements must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Plaintiff has failed to show that these witnesses are unavailable to testify at trial. This Court cannot conclude that unverified statements are more probative than live witnesses who could be cross-examined and assessed for credibility. Even if one of the witnesses is retired and unavailable to testify at trial as plaintiff suggests, plaintiff still could have attempted to secure an affidavit from that witness. An affidavit would at least provide sworn testimony. Plaintiff failed to explain any reasonable efforts undertaken to procure an affidavit or to arrange for the available witnesses to testify at trial.

Because these statements are hearsay and do not fall within the scope of Rule 807, plaintiff's motion

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to include the handwritten and transcribed statements of defendant's employees is denied.

### D. Defendant's Motion *in Limine* to Bar Lay Testimony Regarding Plaintiff's Medical Condition

Defendant asks this Court to bar plaintiff and her attorney from making any argument, suggestion or reference, or eliciting testimony from any witness, or otherwise informing the jury about non-expert opinions, accounts and/or purported knowledge of plaintiff's medical condition. Defendant argues that plaintiff is not an expert and that without medical knowledge, skill, experience, training and/or education, plaintiff is not equipped to render conclusions or opinions about her medical condition. According to the defendant, plaintiff's uninformed opinions or lay accounts proffered by her regarding her medical condition should be barred pursuant to Federal Rule of Evidence 701. Defendant further argues that any information relayed to plaintiff from medical or hospital personnel about her medical state would be inadmissible hearsay.

In response, plaintiff's counsel indicates that he does not expect any witness, other than qualified medical personnel, to render medical opinions. He further states that he does not intend to elicit from plaintiff a medical opinion as to what caused her pain. However, plaintiff does intend to testify about her pain, symptoms and medical treatment.

Pursuant to Federal Rule of Evidence 701, lay witness testimony in the form of opinions or inferences "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."Fed.R.Evid. 701. Furthermore, Rule 702 clarifies that a nonexpert is not permitted to give expert testimony.*Pearson v. Ramos,* 237 F.3d 881, 886 (7th Cir.2001); Fed.R.Evid. 702.

*6 Defendant's motion *in limine* is overly broad. To the extent that defendant seeks to bar plaintiff (or any other lay witness) from offering medical opinions or any testimony concerning causation, the motion *in limine* is granted. However, to the extent that defendant seeks to bar plaintiff from testifying about her medical condition at all, the motion is denied. Plaintiff may testify about her symptoms, her pain and the treatment she underwent. *See Townsend v. Benya,* 287 F.Supp.2d 868, 875 (N.D.Ill.2003) (finding that testimony by plaintiff regarding subjective symptoms such as pain was admissible because it did not require the knowledge of an expert witness) (citing Fed.R.Evid. 701); *see also, Mickey v. Dargis,* 2004 U.S. Dist. LEXIS 7064, *4-5, 2004 WL 887361 (N.D.Ill.2004) (stating that plaintiff could testify about "his treatment, e.g., sutures and prescriptions, and how he felt at various times-matters of personal knowledge and observation well within his competence."). Defendant is free to object at trial if plaintiff ventures into areas beyond her own perception.

Based on the foregoing, defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is granted in part and denied in part.

### E. Defendant's Motion *in Limine* to Bar Unrelated Treatment

Defendant METRA asks this Court to bar plaintiff from introducing evidence of unrelated medical treatment. In particular, defendant asks us to bar any evidence of medical treatment after Dr. Robinson released plaintiff to return to work on March 12, 2004. Defendant argues that there is no medical evidence correlating plaintiff's condition or treatment after March 12, 2004 with her October 17, 2003 injury and therefore, plaintiff should be precluded from presenting any testimony to that effect.

Plaintiff seeks to introduce the testimony of Dr. Daniel Curry, who performed surgery on plaintiff in September 2006. Plaintiff first saw Dr. Curry in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 6
Slip Copy, 2008 WL 244303 (N.D.Ill.)
**(Cite as: 2008 WL 244303 (N.D.Ill.))**

June 2006. At that time, plaintiff reported that she was injured at work in March 2006 while she was bent forward scraping gum from a METRA train. Dr. Curry testified that he operated on plaintiff because she suffers from congenital anomaly called Tethered Cord Syndrome. Dr. Curry explained that Tethered Cord Syndrome means that a person is born with an abnormally thick and foreshortened anchor to the spinal cord. The fact that plaintiff was born with this condition does not mean that she was symptomatic since birth. However, Dr. Curry explained that if plaintiff was flexing forward while she was scraping gum from the railroad car, he thought that was a posture that could elicit her symptoms.

Dr. Curry testified to a reasonable degree of medical certainty that the symptoms plaintiff complained about in March 2006 were a result of her Tethered Cord Syndrome. However, Dr. Curry could not offer an opinion to a reasonable degree of medical certainty as to whether the back condition plaintiff reported in October 2003 was related to her Tethered Cord Syndrome. Indeed, Dr. Curry was unaware of the details of any back injuries that occurred prior to the March 2006 incident.

*7 Plaintiff argues that Dr. Curry's testimony confirms plaintiff's statements that standing gave her no pain but scraping gum from between the seats while squatting or bending-the very activities she complained of to her supervisor-is a competent cause of her pain. Plaintiff seems to ignore the fact that Dr. Curry's entire deposition addresses plaintiff's March 2006 injury. The 2006 injury is not a part of this case. In fact, on October 15, 2007, this Court denied plaintiff's motion for leave to amend the complaint to add the March 2006 injury to this case. The motion was denied based on plaintiff's delay in seeking leave to amend and the prejudice defendant would have suffered if we allowed the amendment.

Because the March 2006 injury is not part of this case, Dr. Curry's testimony is simply not relevant here. First of all, he testified that he had no details of plaintiff's prior back injuries. Dr. Curry did testify that the position plaintiff was in while she scraped gum from the METRA train could elicit her symptoms. However, that testimony relates solely to plaintiff's March 2006 injury. Furthermore, Dr. Curry could not and did not offer an opinion to a reasonable degree of medical certainty as to whether plaintiff's October 2003 back condition was related to her Tethered Cord Syndrome.

Moreover, even if we found that Dr. Curry's testimony was relevant to plaintiff's October 2003 injury, his testimony would be prejudicial under Federal Rule of Evidence 403. Indeed, if the jury was informed that plaintiff was injured again at work in March 2006 and subsequently had surgery, it is likely that they would compensate her for this additional injury. However, this Court already barred plaintiff from amending her complaint to add the March 2006 injury. We cannot allow plaintiff to circumvent our October 15, 2007 Order by introducing Dr. Curry's testimony. Accordingly, defendant's motion *in limine* to bar plaintiff from introducing any evidence of medical treatment after March 12, 2004 is granted.

As this Court stated in our Order denying plaintiff's motion for leave to amend, plaintiff is free to file a new action based on her March 2006 injury.

**F. Defendant's Motion *in Limine* to Exclude Testimony of a Safer Alternative, Defective Tools or an Unsafe Workplace**

Defendant asks this Court to bar plaintiff from introducing evidence or testimony regarding a safer alternative to the method of scraping gum; that the tools provided by METRA were unsafe or defective; or that METRA otherwise provided an unsafe workplace. During plaintiff's deposition, she was questioned about her claim that METRA provided an unsafe workplace. Plaintiff testified that the size of the scraper blade provided by METRA was inadequate because it required her to provide more force than she would have been required to use with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01125 Document 39 Filed 07/11/2008 Page 14 of 17

Page 8 of 8

Slip Copy
Slip Copy, 2008 WL 244303 (N.D.Ill.)
(Cite as: 2008 WL 244303 (N.D.Ill.))

Page 7

a larger blade. Plaintiff further testified that she has not had any problems since METRA gave her a larger tool to use. The larger scraper has a wider, heavier and thicker blade as well as a longer handle. Plaintiff testified that if she had been using the scraper with the longer handle on the day of her October 2003 injury, she would not have had to squat.

*8 Defendant argues that plaintiff's testimony in this regard is self-serving speculation. Defendant seeks to bar plaintiff from testifying that the tools METRA provided to her were defective or unsafe, or that a safer method or tool could have been provided. According to the defendant, plaintiff is not competent to testify that the tools are unsafe or defective without an expert witness. Defendant argues that such testimony is based on "scientific, technical or otherwise specialized knowledge."*See*Fed.R.Evid. 701 and 702. Plaintiff has not named an expert witness to testify about the tools or suitability of the method used to remove gum aboard METRA trains.

This Court agrees that plaintiff cannot testify that the tools METRA provided to her were defective or unsafe because such testimony requires scientific, technical or otherwise specialized knowledge and therefore, falls within the scope of Federal Rule of Evidence 702. However, under Rule 701, plaintiff is permitted to offer her opinion based on her own perception about the tools METRA provided to her. Fed.R.Evid. 701. After reviewing plaintiff's deposition testimony, it is clear that plaintiff's opinion that the smaller sized scraper was "inadequate" compared to the larger scraper is based on her own perception in using both tools to remove gum from METRA trains. This Court finds that plaintiff's personal opinion concerning the different sized scrapers does not constitute scientific, technical or otherwise specialized knowledge. Accordingly, this Court will not bar plaintiff from offering her opinion that the smaller scraper was inadequate. That being said, plaintiff is warned that this Court will not allow her to offer any opinions that are based on scientific, technical or otherwise specialized knowledge. Defendant is free to object at trial if plaintiff attempts to offer any opinion beyond her own perception.

Based on the foregoing, defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part.

## CONCLUSION

For the reasons set forth above, plaintiff's motions *in limine* are denied; defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is granted in part and denied in part; defendant's motion *in limine* to bar plaintiff from introducing evidence of unrelated medical treatment is granted; and defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part. It is so ordered.

N.D.Ill.,2008.
Taylor v. Northeast Illinois Regional Commuter R.R. Corp.
Slip Copy, 2008 WL 244303 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.))

Peters v. Northern Trust Co.
N.D.Ill.,2001.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Frank E. PETERS, Counter-Plaintiff,
v.
THE NORTHERN TRUST COMPANY, Counter-Defendant.
No. 92 C 1647.

Aug. 29, 2001.

MEMORANDUM OPINION AND ORDER

LEFKOW, District J.
*1 The facts of this case have been set forth in numerous previously-issued opinions and need not be repeated here. Presently before the court are plaintiff Frank E. Peters' four motions *in limine.* For the reasons articulated below, two are denied, one is granted in part and denied in part, and one is reserved until trial.

1. *Peters' Motion In Limine to Bar Reference to Him as a "Millionaire" or Otherwise Seeking to Introduce Any Evidence of or Referring to His Personal Wealth or Financial Condition*

Peters concedes that evidence "of his income loss and income may be relevant, for purposes of damages," but claims that "his accumulation of personal wealth or lack thereof" or his "ability to generate or create wealth through investments [is not] probative of any fact at issue in this lawsuit."(Peters' Mot. ¶ 4.) As Peters admits, he has put his wealth in issue for damages purposes and, therefore, evidence of his personal wealth is certainly probative and Peters cannot use Fed.R.Evid. 403 to bar introduction of all such evidence. For example, Peters claims he suffered, *inter alia,* damage to his reputation and damage to his earning power. Nevertheless, the court believes that assigning a "millionaire" or "wealthy" label to Peters could unfairly prejudice him in the eyes of the jury. Coming from the defense side, the terms could well be heard as pejorative suggestions that because Peters has been (likely) more privileged than the members of the jury, he is not entitled to relief. For these reasons, the motion [# 240] is granted insofar as it seeks to bar reference to Peters as a millionaire or a wealthy man or other similar terms.

2. *Peters' Motion In Limine to Bar Mark Hapgood, Q.C., From Testifying in this Case*

Northern has identified Hapgood as an expert on U.K. law. "Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case. That is, they cannot testify about legal issues on which the judge will instruct the jury."*United States v. Sinclair,* 74 F.3d 753, 758 n. 1 (7th Cir.1996) (citing *Bammerlin v. Navistar Int'l Transp. Corp.,* 30 F.3d 898, 900 (7th Cir.1994), and *Harbor Ins. Co. v. Continental Bank Corp.,* 922 F.2d 357, 366 (7th Cir.1990))."The one well-recognized exception [to this general rule] is for questions of foreign law, where the judge may be aided by an expert's assistance."*Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 99 (1st Cir.1997); *Thompson Consumer Elec., Inc. v. Innovatron, S.A.,* 3 F.Supp.2d 49, 52 (D.D.C.1998) (same).*See also Overseas Dev. Disc Corp. v. Sangamo Contsr. Co., Inc.,* 840 F.2d 1319, 1324 (7th Cir.1988) ("To determine foreign law, a district court may look to any relevant source, including expert testimony."); *Ludgate Ins. Co. Ltd. v. Becker,* 906 F.Supp. 1233, 1238 n. 6 (N.D.Ill.1995) (noting that because English law was likely to be applied, it was "proper to consider the additional expense and inconvenience of requiring the testimony of expert witnesses on English law" when engaging in a *forum non conveniens* inquiry). This "testimony is generally given to the judge, [however], and is meant to assist the judge in de-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 2
Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.))**

termining the appropriate instruction."*Nieves-Villanueva,* 133 F.3d at 99. In this case, this court is unfamiliar with U.K. law and will be assisted by expert testimony on the subject. Peters has been aware that Northern intended to introduce expert testimony regarding U.K. law and the contents of Hapgood's opinions for quite some time (indeed, Peters unsuccessfully moved to strike Hapgood's expert report in May, 1998 for the same reasons stated in his present motion) and could have retained his own expert. Moreover, the court "may reject even uncontradicted conclusions of an expert witness and reach [its] own decisions on the basis of independent examination of foreign legal authorities."*Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 713 (5th Cir.1999) (citation and internal quotation marks omitted). The court, therefore, denies Peters' motion [# 241].

3. *Peters' Motion in Limine to Bar Use or Reference to Privileged Communications*

*2 Peters' motion is essentially a motion to reconsider Judge Andersen's April 30, 1998 ruling denying Peters' motion for a protective order and to return privileged documents. Indeed, the two motions are almost identical. Moreover, on August 14, 1995, Northern filed with this court a document entitled "Stipulated Facts," wherein both parties agreed that most of the documents Peters now seeks to bar use of "are admissible as evidence in any trial of this cause without further foundational requirement. *However,* all objections based upon relevance or materiality are reserved for future determination as to each document."(emphasis in original). Notwithstanding these problems, and after consideration of Peters' arguments, the court finds that Peters' motion has no merit. *People v. Murray,* 711 N.E.2d 1230, 1235 (Ill.App.Ct.1999), the only case Peters cites issued after Judge Andersen's April 30, 1998 ruling, merely stands for the proposition that "[s]everal tests have been advanced to determine whether the [attorney-client] privilege has been waived" and that "[g]iven the facts presented [in that case, the court believed] the subjective analysis should be applied."While it is true that under the subjective test, inadvertent disclosure can never waive the attorney-client privilege, the court never gave any indication that the objective or balancing tests were no longer available analyses. To the contrary, the opinion plainly states that these options remain viable. Hence, *Murray* fails to set forth new law and the court denies Peters' motion [# 242].

4. *Peters' Motion in Limine to Bar Reference to Settlement Negotiations and Agreements*

Peters seeks to exclude various exhibits tendered by Northern that reflect communications discussing settlement of related litigation between Peters and WDA and DCG, and between Peters and Parrot. The documents appear to be correspondence between Peters and his counsel or between Peters' counsel and counsel for adverse parties in these law suits, and in one instance a draft settlement agreement in one of the cases. Northern argues that the documents are relevant to causation of damages and are admissible under an impeachment or rebuttal exception to Federal Rule of Evidence 408 that precludes use of "[e]vidence of conduct or statements made in compromise negotiations."Northern argues (1) that such evidence is admissible to rebut Peters' contention that Northern caused his injuries because the settlement evidence shows that Peters held others responsible for the same losses and that his reputation had been damaged by others prior to any acts by Northern, and (2) that such evidence is admissible to impeach Peters because he denied at his deposition that his lawsuit against Northern seeks to recover damages that were previously sought in other suits. Northern is correct that "Rule 408 is not an absolute ban on all evidence regarding settlement negotiations. The rule permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability," including rebuttal and impeachment purposes.*Bankcard America, Inc. v. Universal Bancard Systems, Inc .,* 203 F.3d 477, 484 (7th Cir.2000). Evidence that other litigation existed and the nature of the allegations in that litigation comes within the "otherwise

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.))**

Page 3

discoverable" exception to Rule 408, so it is unlikely that the proffered extrinsic documents would even be needed to rebut Peters' claims here of causation.[FN1] In other words, the need for these particular documents is not at all clear and unless Northern can show that the evidence is probative of genuinely contested facts and not cumulative, the court may exclude the evidence under Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by ... needless presentation of cumulative evidence."). The cases on which Northern relies illustrate exceptions to Rule 408's exclusion where the court found that evidence deriving from settlement negotiations was offered for a purpose other than to prove liability for or invalidity of a claim. In *Bankcard*, the Seventh Circuit ruled that evidence deriving from settlement negotiations was properly admitted to show a witness's state of mind and to explain his subsequent conduct. Similarly, in *Friedus v. First Nat'l Bank of Council Bluffs*, 928 F.2d 793 (8th Cir1991), cited with approval in *Bankcard*, the Eighth Circuit ruled that letters exchanged during settlement negotiations were properly admitted to rebut plaintiff's witness who testified at trial that the bank had never given plaintiff an explanation for certain conditions the bank had placed on its consent to sale. In *County of Hennepin v. Alpana*, 726 F.2d 149 (8th Cir.1984), the county sued a window manufacturer based on defective manufacture. The county had also settled a claim and law suit against its insurer for replacement of the windows in the amount of $425,000. At trial, the county offered testimony that the entire claim against the insurer was for damage to the windows caused by a storm, not defects. The court allowed defendant to use evidence that plaintiff had claimed but $83,000 from the insurer for the storm, and the amount of the settlement to prove that the plaintiff had been compensated by the insurer for the defects rather than, as plaintiff contended, that the $392,000 difference was merely a "windfall." In line with the cited cases, to the extent the proposed evidence is used to attack a witness's credibility or to rebut evidence offered by the plaintiff, it may be admissible, but this cannot be determined until a witness testifies and the point on which Northern wishes to impeach or rebut, as well as the relevance of the precise portion of the submitted documents to be offered, are identified. For example, if Peters testifies that his lawsuit against Northern does not seek to recover damages that were previously sought in the other litigation, then any statement by him or his agent contained in these documents that tends to prove the contrary could be used for cross-examination under Rule 613 or as substantive admissions under Rule 801(d)(2). For these reasons, ruling on Peters' motion [# 243] is reserved until trial.

> FN1. This is not to say, however, that Peters' allegations in other litigation are necessarily probative of causation here, nor has the court examined whether the claims in the other law suits have any relevance to the elements of proof of defamation, the sole remaining claim to be tried here.

CONCLUSION

*3 For the above-stated reasons, the court denies Peters' motions to bar Hapgood's testimony [# 241] and to bar use or reference to certain privileged documents [# 242], and grants in part and denies in part Peters' motions to bar reference to him as a "millionaire" or otherwise introduce evidence of his wealth [# 240]. Ruling is reserved on Peters' motion to bar reference to settlement negotiations and agreements [# 243].

N.D.Ill.,2001.  
Peters v. Northern Trust Co.  
Not Reported in F.Supp.2d, 2001 WL 1002499 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.