## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and | ) | |
| **LOJWANNA M.,** Individually and | ) | |
| as Guardian and Next Friend of **KYLER H.,** | ) | |
| | ) | 08 C 1125 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| **BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO, DISTRICT 299** | ) | |
| | ) | |
| Defendant | ) | |

### PLAINTIFFS' RULE 56.1(b)(3) RESPONSE TO DEFENDANT'S RULE 56.1(b)(3) STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Kyler H., a minor, and Lojwanna M. in her own capacity and as parent and next friend of Kyler H., by and through their attorney, Michael A O'Connor, hereby submit this Response to Defendant's Statement of Additional Material Facts in Response to Plaintiffs' Motion for Summary Judgment.

**Plaintiffs' Statement ¶25**:. Plaintiffs submitted a supplemental fee petition for fees for legal services in connection with the due process proceeding incurred from January 1, 2008 through May 16, 2008. The amount claimed in the supplemental petition is $5,044.70. The total amount of attorney fees claimed in the initial petition and the supplemental petition is $47,286.98. (Petition attached hereto as Exhibit C; see also affidavit of Michael A. O'Connor, Exhibit D at ¶ 5).

**Def't Response to Para 25**: *The Board admits that Plaintiffs submitted a supplemental fee petition as alleged, but the Board affirmatively states that it has been not been afforded the proper notification to contest the reasonableness of the additional fees according to Local Rule 54.3(d), stipulating that within 14 days before a motion is filed, parties will have the opportunity to discuss requested fees. The Board affirmatively states that the supplemental fee petition was not received until after plaintiffs filed their complaint and motion for summary judgment, and after settlement negotiations in February and March 2008 had concluded. See Plaintiffs' Rule*

*56.1(a)(3) Motion Exhibit C, filed May 16, 2008; See also Exhibit A, February 19, 2008 Settlement Emails between Plaintiffs' and Defendant's counsel; See also Defendant's Rule 56.1(a)(3) Motion Exhibit C, Offer of Judgment. Furthermore, the Board affirmatively states that the final amount on the supplemental fee petition does not match amount claimed by Plaintiffs in their own Memorandum of Law in support of their Motion for Summary Judgment, submitted simultaneously. See Plaintiffs' Memo at 5, stating the amount of requested fees totaled $46,761.98, and not $47,286.98.*

Plaintiffs' Reply to Response in Para 25:  Plaintiffs object  that Defendant's allegations regarding settlement discussions are immaterial and not relevant; Plaintiff admits that a typographical error misstates the total amount of fees claimed in their memo at p. 5.  Plaintiffs also objects that allegations in Para 25 represent legal arguments not properly presented in a Rule 56.1 statement.  Plaintiffs respond to the legal arguments in their memorandum of law.

## DEFENDANT'S ADDITIONAL FACTS

*28. Since 2006, Mauk & O'Connor, LLP, has filed forty-four attorneys' fee petition cases against the Board, and over the course of the forty-four petitions, Mauk & O'Connor has sought $1,496,781.90 in attorneys' fees, and received $1,281,207.20 in such fees. See Exhibit B, Kathleen M. Gibbons's affidavit ¶ 4. In only five such petitions have Mauk & O'Connor received payment of their fee petition in full. Id. at ¶ 11.*

RESPONSE No. 28:  Plaintiffs object  that allegations Defendant's regarding fees claimed or paid in other cases, and settlement discussions in other fee cases are immaterial and not relevant to the merits of the instant proceeding.

*29. In twelve such petitions, there have been fees related to IEP meetings not occurring pursuant to court order or judicial action but occurring after filing of a due process request. The Board has objected to every instance of fees charged for IEP meetings not held pursuant to an order by the due process hearing officer. Id at ¶ 5.*

RESPONSE No. 29:  Plaintiffs object  that Defendant's allegations regarding fees claimed or paid in other cases, and settlement discussions in other fee cases are immaterial and not relevant to the merits of the instant proceeding.

*30. In ten of the twelve petitions where the Board objected to fees for IEP meetings not occurring pursuant to court order or judicial action but occurring after filing of a due process request, Mauk & O'Connor settled the issue out of court. Mauk & O'Connor either heeded the Board's objection, or self-reduced their own fees, stating "NO CHARGE" next to any fee for an IEP meeting not held pursuant to an order by the Due Process hearing officer. Mauk & O'Connor has agreed to reductions totaling $19,879.52 for unreasonable fees relating to charges for IEP meetings not held pursuant to an order by the due process hearing officer. Id. at ¶ ¶ 6-9.*

RESPONSE No. 30:  Plaintiffs object  that Defendant's allegations regarding fees claimed or paid in other cases, and settlement discussions in other fee cases are immaterial and not relevant to the merits of the instant proceeding.

*31. Two of the twelve fee petitions with fees for IEP meetings, not held pursuant to an order by the due process hearing officer, were litigated and judgments were entered against the Board. However, in the first case, Jessica P., No. 05 C 5, the Board chose to argue that the plaintiffs' prevailing party state and the unreasonableness of fees associated with excessive time spent preparing for the hearing and researching. Id. at ¶ 10. In the second case, Eric A., No.06 C 0302, the Board's objection to payment of fees for IEP meetings not held pursuant to an order by the Due Process hearing officer was rejected by this Court, but only because the Board did not sufficiently prove that the IEP meeting had not occurred pursuant to judicial action. As a matter of law, Mauk & O'Connor has not specifically prevailed on the merits of any argument stating they may be paid for their fees relating to IEP meetings not held pursuant to an order by the Due Process hearing officer. Id. at ¶ 10.*

RESPONSE No. 31:  Plaintiffs object  that Defendant's allegations in Para 31 represent legal arguments not properly presented in a Rule 56.1 statement.  Plaintiffs respond to the legal arguments in their memorandum of law.

*32. In the instant case, plaintiffs' original fee petition, amounting to $42,242.28, included $6,825.00 in fees for attendance at travel to and from, and paperwork drafted in response to the July 30 and August 2, 2007 IEP meetings, which did not occur pursuant to court order or judicial action. See Defendant's Rule 56.1(a)(3) Motion ¶ ¶ 15-16; See also Exhibit A, February 19, 2008 Settlement Emails between Plaintiffs' and Defendant's counsel at 2:10 PM.*

RESPONSE No. 32:  Plaintiffs object  that Defendant's allegations regarding fees claimed or paid in other cases, and settlement discussions in other fee cases are immaterial and not relevant to the merits of the instant proceeding.

*33. The Board made a several attempts to settle with Plaintiffs regarding their original fee petition of $42,242.28, by offering first $31,100.00, then $35,400.00, then making a final offer of judgment for $37,000.00. See Exhibit A See also Defendant's 56.1(a)(3) ¶16 and Exhibit C. The first offer of $31,100.00 excluded in part $6,825.00 in IEP meeting fees, as part of eighteen total contested fees the Board argued were excessive and unreasonable. See Exhibit A, The Board advised Plaintiffs that fees for IEP-related activities were expressly barred by the IDEA. Id.; See Also Defendant's Rule 56.1(a)(3) Motion ¶ 16. Plaintiffs rejected the Board's offer, claiming to have successfully litigated the issue of fees for IEP meetings held while the due process hearing was pending in prior cases. See Exhibit A. The final offer of settlement, made March 6, 2008, offered $37,000, was a higher amount than total IEP meeting reduction should have reflected, but the Board was attempting to avoid litigating the fee petition. See Defendant's 56.1(a)(3) Motion Exhibit C*

3

<u>RESPONSE No. 33</u>:  Plaintiffs object  that Defendant's allegations regarding fees claimed or paid in other cases, and settlement discussions in other fee cases are immaterial and not relevant to the merits of the instant proceeding.

*34. In the instant case, the Board has never raised issue regarding plaintiffs' counsel's hourly rates nor denied that plaintiffs were the prevailing party. See Exhibit A; See also Defendant's Answer to Complaint ¶ 4.*
ADDITIONAL FACT #

<u>RESPONSE No. 34</u>:  Plaintiffs deny the affirmative allegation in para 34; Defendant's Answer, at Para 23 makes a general denial the fees claimed by Plaintiffs are authorized by law, reasonable or necessary.  In addition, Defendant's Answer at para 27 denies that "Plaintiffs' attorney's fees are consistent with the rates prevailing for the kind of quality of services furnished, as required by 20 U.S.C. Sec. 1415(i)(3)(B)". (see Doc #12 at pp 8-9)

Respectfully submitted,

July 11, 2008                          /S/ Michael A. O'Connor
                                       Michael A O'Connor,
                                       Attorney for Plaintiffs

MAUK & O'CONNOR, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199