IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and ) | | |
| **LOJWANNA M.,** Individually and ) | | |
| as Guardian and Next Friend of **KYLER H.,** ) | | |
| ) | 08 C 1125 | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Judge Amy St. Eve | |
| ) | | |
| **BOARD OF EDUCATION OF THE** ) | | |
| **CITY OF CHICAGO, DISTRICT 299** ) | | |
| ) | | |
| Defendant ) | | |

PLAINTIFFS' MEMORANDUM OF LAW IN REPLY
TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT

I.   INTRODUCTION

This case concerns a claim for attorney fees in the amount of $47, 286.98 under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Sec 1415 (i)(3), for legal services in a due process hearing. The Hearing Officer granted substantial relief regarding school placement and compensatory education services. In response to Plaintiffs' Motion for Summary Judgment, Defendant has filed a memorandum stating that Defendant does not object to the hourly rates of Plaintiffs' counsel. Defendant only opposes a portion of plaintiffs' request for attorney fees on the grounds that fees for attending an IEP meeting during the pendency of the due process hearing are barred by 20 U.S.C. §1415(i)(3)(D)(ii). In addition, Defendant objects to a supplemental fee petition (Doc #32-4) filed during the pendency of the instant action, which claims fees for additional work in connection with implementation of the due process hearing decision.

## II.     FACTUAL INFORMATION

The factual information pertinent to this dispute is set forth in detail in the Plaintiffs' Rule 56.1(a)(3) Statement of Material Facts and in Defendant's responsive statement under Rule 56.1(b)(3).  In addition Plaintiffs' Plaintiffs have filed a Response to Defendant's Statement of Additional Material Facts Pertinent facts are summarized in Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment (Doc #27) and Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc #33).

## III.    ARGUMENT

### A. Defendant's additional facts are irrelevant and immaterial

Defendant offers, in their Rule 56.1(b)(3) statement several additional facts that should be ignored by the Court in considering the merits of plaintiffs' claims. In ¶¶ 25 and 28 of Defendant's Rule 56.1(b)(3) responsive statement (Doc#30 at pp 6-7), Defendant refers to 44 fees claims in other cases filed in prior years by Plaintiffs' counsel in other special education matters (see also the Affidavit of Kathleen Gibbons, (Doc 3-2, Exhibit B).  In *Jessica P. II*, 2006 fee decision by Judge Shadur with regard to a similar offer of immaterial and irrelevant facts is instructive:

> "[the Board's] general cavil, that Jessica's first and separate due process case resulted in a $97,101.28 award, is as nonmaterial (that is, non-outcome-determinative) as the matters to which Board has itself objected on the ground of materiality.  What is relevant instead is whether plaintiffs' substantial claim for the second due process hearing is or is not excessive on it's own."     See *Jessica P. v Board of Educ*. 06 c 0002, (N.D. Ill. 4/13/06)(Doc #27-2 at pp 10-11).

Defendant also offers email correspondence between counsel for the parties that discuss settlement terms.  Generally, settlement offers and counteroffers are not admissible for determining the merits of a claim. See Rule 408, Federal Rules of Evidence.  Rule 408(b) provides for limited exceptions, none of which should be appropriate for a summary judgment motion, which only should consider

relevant and material facts related to the merits of a claim. Therefore Defendant's references to settlement discussions should be disregarded in adjudicating cross motions for summary judgment.

Defendant's claims that Plaintiffs reasonably protracted this litigation are simply frivolous. The parties could not reach an agreement on fees, and this litigation ensued. In their answer, Defendants made a general denial to Plaintiffs claims (see Def't Answer, Doc #12 at ¶¶25-28). The answer did not offer any affirmative defenses or specific objections. The first formal notice, in this litigation, of Defendant's specific legal objections to the claim for fees for attending an IEP meeting was in their motion for summary judgment (Doc #22 and the defendant's memorandum of law in support (Doc #23). Defendants cannot now jerry-rig a frivolous claim that litigation has been unreasonably protracted to support admission of settlement discussions and dispositions in dozens of prior cases.

### B. Plaintiffs are entitled to fees incurred in connection with two day IEP meeting

Defendant's principal objection in this litigation has emerged as resistance to liability for fees for an IEP meeting convened during the pendency of a due process hearing. Plaintiffs arguments that statutory authority, supported by recent case law were presented in their memorandum of law in opposition to Defendant's motion for summary judgment and will not be repeated here. However, in it's memorandum in opposition to Plaintiffs' motion for summary judgment, Defendant refers to two cases cited in Plaintiffs' Motion, *Jessica P. v Board of Educ*, 05 c 05 (N.D. Ill.) (hereafter *Jessica P. I*) and *Eric A. v. Board of Educ*, 06 C 0302 (N.E. Ill) (Exhibits A and C, respectively in Doc #27-2). These cases were cited in regard to other attorney fee issues than what is now the principal issue, concerning attendance at an IEP meeting during the pendency of an due process hearing. *Jessica P I* is inapposite because §1415(i)(3)(D)(ii) was not raised as an issue in the case. Defendant misstates the holding in *Eric A.* as in some twisted way supporting the

Defendant's position. However, Judge Nordberg, in his decision at p 2 (Doc #27-2 at p 27) states that: a) the board objected to fees for attending an IEP meeting as barred by 20 U.S.C. §1415(i)(3)(D)(ii); b) Plaintiffs responded that the IEP meeting was ordered pursuant to a motion filed by the Board; and c) that the Board did not pursue the objection further. For these reasons, *Eric A*. is inappoite for two reasons: no ruling on §1415(i)(3)(D)(ii) was made on the merits; and in any event, the case does not concern attendance at an IEP meeting "as a result of an administrative proceeding" rather than pursuant to a direct and specific order by a hearing officer.

*Linda T. v. Rice Lake Area School Dist.*, 417 F.3d 704 (7th Cir. 2005) is inapposite to the disposition of the instant case for several reasons. First, *Linda T*. determined that the parents obtained de minimis results and were therefore not entitled to any attorney fees. Second, the Court ruled that §1415(i)(3)(c)(ii) was not even relevant to parent's claims for fees: "We first note that the amendment pertains to claims for attorneys' fees associated with IEP meetings; the claim currently before the court is one for fees associated with the proceeding before the ALJ, not fees associated with the new IEP the ALJ ordered." Linda T, at 709. The Court went on, as obiter dicta, to make characterize the amendment as "prohibiting fees unless the meeting is convened by order of a court or administrative agency." *Id*. Such dictum should not be controlling in the instant case.

*J.C. V. Regional School Distr. 10*, 278 F.3d 119 (2d Cir. 2002) is not relevant authority because that case ruled that parents fees could not be awarded because they were not "prevailing parties under *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001). The Court discussed §1415(i)(3)(c)(ii) only in the context of whether, as a policy matter, the IDEA attorney fee provisions required an award of fees despite the ruling in *Buckhannon*. There is no reasonable way to argue that the holding in

*J.C.* can be construed to overrule district court holdings in *F. R. v. Board of Educ., Plainedge Public Schools*, 67 F. Supp.2d 142 (E.D.N.Y. 1999) which is not even cited in *J.C.*

The holding in *Alfonso v. Dist. Of Columbia*, 464 F. Supp. 2d 1 (D.D.C 2006) is similar to cases cited by Defendant, *M.V. v. Gordon*, 1999 U.S. Dist. LEXIS 9144 (N.D. Ill. June 15, 1999) and *Brandon K. v. New Lenox School District*, 201 U.S. Dist. LEXIS 20006 (N.D. Ill., November 30, 2001). In *Alfonso*, the Court noted that "plaintiffs do not argue that the disputed IEP meeting was convened as a result of administrative action or judicial action." Thus *Alfonso*, and in *Brandon K.* and *M.V.*, reached results that did not include consideration of arguments of statutory construction advanced by parents and accepted in *F. R.* and *Sabbatini*.

**Plaintiffs Supplemental Fee Petition should be Awarded**

Plaintiffs submitted a supplemental fee petition to the board on May 16, 2008 for additional work regarding implementation of the due process hearing decision that was completed after the initial fee petition was filed with the Board in January, 2008 (see Doc #32-4). The Defendant acknowledges receiving the supplemental fee petition on May 16, 2008 (see ¶25 of Deft response (Doc #30 at pp 6-7), but makes no substantive objections to the contents of the petition. Rather, Defendant asserts that Local Rule 54.3(d) somehow applies and bars consideration of the supplemental petition. However, LR 54.3(d) governs submission of claims for attorney fees for litigating a claim after final judgment. The supplemental fee petition concerns relief in the underlying claim, not fees for litigating fees. Therefore LR 54.3(d) is not applicable and Defendant's arguments on this point should be rejected.

### C. Defendant Placed all Elements of Plaintiffs' Attorney Fees Claims at Issue by Making a General Denial in their Answer.

Defendant expresses surprise that Plaintiffs' motion for summary judgment presented documentation regarding hourly rates of Plaintiffs' counsel and the general reasonableness of the fees claimed, as well as prevailing party status. Defendant incorrectly states that no objections were raised regarding these issues, and that Plaintiffs needlessly addressed them in their motion for summary judgment. Defendant made general denials to <u>all</u> claims for attorney fees in their answer, even denying an allegation in the complaint that Plaintiffs attorney fees are consistent with the rates prevailing for the kind of quality of services furnished, as required by 20 U.S.C. §1415(i)(3)(B) (See Defendants Answer, Doc # 12 at ¶¶ 25 through 28).

## IV. CONCLUSION

The Court should enter judgment awarding attorney fees in the full amount claimed, $47,286.98; in addition, Plaintiffs should be awarded attorneys fees and costs for the time expended for prosecuting this action.

Respectfully Submitted,

July 11, 2008

/S/Michael A. O'Connor
Michael A O'Connor,
Attorney for Plaintiffs

MAUK & O'CONNOR, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199
Attorney No. 17184