IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KYLER H.,** a Minor, and ) | | |
| **LOJWANNA M.,** Individually and ) | | |
| as Guardian and Next Friend of **KYLER H.,** ) | | |
| ) | 08 C 1125 | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Judge Amy St. Eve | |
| ) | | |
| **BOARD OF EDUCATION OF THE** ) | | |
| **CITY OF CHICAGO, DISTRICT 299** ) | | |
| ) | | |
| Defendant ) | | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHICAGO BOARD OF EDUCATION'S ADDITIONAL FACTS IN THEIR RULE 56.1(b) (3) RESPONSIVE STATEMENT OF MATERIAL FACTS AND ALSO STRIKE THE AFFIDAVIT OF KATHLEEN GIBBONS**

NOW COMES Lowjanna M. in her own capacity and as parent of Kyler H., by and through their attorney, Michael A. O'Connor, and move this Court to strike additional facts alleged in Para. 25 through 33 of Defendant's Rule 56.1(b)(3) responsive statement of material facts (Doc #30). Plaintiffs also move to strike the email messages concerning settlement discussions among counsel for the parties (Doc #30-2, Exhibit A) and the affidavit of Kathleen Gibbons, Defendant Chicago Board of Education's Offer of Judgment (Doc #30-2, Exhibit B), and in support of their Motion, state as follows:

1. Defendants Rule 56.1(b)(3) statement (Doc #30), at response to ¶25 and in additional facts stated in ¶¶28-33, make allegations based on use of emails between counsel regarding settlement negotiations (see Exhibit A, Doc #30-2) and also allegations concerning disposition of fee claims in 44 prior cases involving Plaintiffs' counsel and Defendant (see also Affidavit of Kathleen Gibbons, Exhibit B, Doc #30-2).

2. Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with <u>admissible</u> evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir. 2000) (emphasis added). The purpose of Rule 56.1 statements is to identify the <u>relevant</u> evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006); *Solaia Tech. LLC v. Arvinmeritor, Inc.,* 361 F.Supp.2d 797, 826-27 (N.D. Ill. 2005)(emphasis added). Evidence of settlement offers is generally inadmissible, see Rule 408, Fed Rules Evidence.

3. Exceptions allowed under Rule 408(b) are limited to issues such as impeachment of witnesses, which are questions to be addressed at trial rather than in a summary judgment motion, which first determines whether a dispute of material fact exists. Another exception authorized by Rule 408(b) is "negating a contention of undue delay" which is inapposite, because Plaintiffs have not alleged undue delay.

4. Rule 401 of the Federal Rules of Evidence provides that relevant evidence "means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence concerning negotiated results in prior fee cases is not relevant  the determination of plaintiffs' claims for attorney fees for attending IEP meetings in the instant case.

WHEREFORE, Plaintiffs request an order directing the Clerk to strike Exhibits A and B (Doc 30-2) and ¶¶ 28-33 in the Defendant's Rule 56.1(b)(3) Responsive Statement (Doc # 30).

Respectfully submitted,

/S/ Michael A.O'Connor
Michael A O'Connor,
Attorney for Plaintiffs

July 11, 2008

Michael A O'Connor
MAUK & O'CONNOR, LLP
1427 W. Howard St.
Chicago IL 60626-1426
(773)262-2199
Attorney No. 2088266